J-S05036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK DAVID BROWN, | |
| Appellant | No. 651 MDA 2015 |

Appeal from the Judgment of Sentence February 19, 2015
in the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0001797-2010

BEFORE:  BENDER, P.J.E., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 04, 2016**

Appellant, Mark David Brown, appeals from the judgment of sentence imposed on February 19, 2015 following the revocation of his probation. Counsel has filed an **_Anders_**[1] brief and petitioned this Court for permission to withdraw from representation on the basis of frivolity.[2]  Appellant has filed a _pro se_ response to the **_Anders_** brief.  After conducting an independent review of the record, we grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **_See Anders v. California_**, 386 U.S. 738 (1967).

[2] The Commonwealth submitted a letter dated September 18, 2015 indicating that it would not be submitting a brief in this matter, but agreeing with Appellant's counsel that the issues presented are frivolous and without merit.

We take the following facts and procedural history from the trial court's findings at the February 19, 2015 revocation of probation hearing and our independent review of the certified record. On March 31, 2011, Appellant entered a plea of *nolo contendere* to one count of unlawful contact with a minor, a felony of the second degree.[3] During the plea colloquy, Appellant was advised that he would be evaluated by the Sexual Offender Assessment Board (SOAB) and ordered to have no unsupervised contact with minors. (*See* N.T. Plea Hearing, 3/31/11, at 9). On July 28, 2011, after consideration of a pre-sentence investigation report and the evaluation by the SOAB, the trial court found Appellant to be a sexually violent predator and sentenced him to not less than fourteen nor more than forty-four months' incarceration followed by twelve months' probation. (*See* N.T. Sentencing, 7/28/11, at 5-7).

On February 19, 2015, the trial court conducted a hearing at the request of the probation office to determine how probation could adequately supervise Appellant after he maxed out his sentence on March 12, 2015. (*See* N.T. Hearing, 2/19/15, at 5-6, 10). During the hearing, probation officer Wayne Woznikaitis testified that the parole board determined Appellant's wife was manipulating prison visits to allow Appellant access to his minor grandchildren, and based upon that information, the board

---

[3] The charges stemmed from contact between Appellant and his minor foster child for the purpose of engaging in aggravated indecent assault.

determined that it was not in Appellant's best interest, his wife's best interest, or the community's best interest to have him reside with his wife when released from prison. (*See id.* at 6). Mr. Woznikaitis also testified that Appellant was discharged from the sex offender treatment program in prison unsuccessfully because of manipulative behaviors. Finally, because Appellant did not have appropriate housing upon release, Mr. Woznikaitis testified that the probation office was concerned about the risk to the community from "a homeless sexually violent predator who has never received treatment, who has exhibited manipulative behaviors, [and] who really has no stability." (*Id.* at 10; *see id.* at 9-10).

At the conclusion of the February 19, 2015 hearing, the trial court found that Appellant "failed to complete sexual offender treatment, which is necessary for [Appellant], who has already been found to be a sexual predator, and is appropriate for the safety of the community and persons [Appellant] comes in contact with, as well as for the benefit of [Appellant] to prevent him reoffending." (*Id.* at 44). It then revoked Appellant's probation and sentenced him to not less than fourteen nor more than seventy-two months' incarceration with credit for time served on this information followed by twenty-four months' probation.[4] (*See id.*). The

_____

[4] Because the court found that Appellant's time served on this information amounted to forty-four months as of March 12, 2015, (*See* N.T. Hearing, at 45), it is clear from the record that in reality the trial court sentenced Appellant for the probation violation to an additional consecutive prison

*(Footnote Continued Next Page)*

trial court further ordered that Appellant comply with special conditions for sex offenders and that he have no contact with his wife, Terry Brown, without prior approval of his probation supervisor. (**See id.** at 45).

After the court denied Appellant's counseled post-sentence motion for modification of sentence, Appellant filed a timely *pro se* notice of appeal on March 24, 2015.[5]  On April 21, 2015, the court granted Appellant's counsel's petition to withdraw as counsel and on April 22, 2015 appointed Luzerne County Public Defenders' Office as appellate counsel.  On April 23, 2015, Appellant filed a *pro se* concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b).  On May 20, 2015, appellate counsel filed a notice of

_____
*(Footnote Continued)* _____

sentence of not less than time served nor more than twenty-eight months' incarceration followed by two years of special probation.

[5] Although the docket entries reflect that Appellant's notice of appeal was filed April 1, 2015, because Appellant mailed his *pro se* notice of appeal while incarcerated, the prisoner mailbox rule applies and Appellant's notice of appeal is deemed filed when mailed on March 24, 2015.  **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997).

 Furthermore, in its order denying Appellant's post-sentence motion, the trial court erroneously instructed Appellant that he had "the right to appeal to the appropriate appellate court within [thirty] days . . . ." (Order, 2/25/15).  This misstatement by the trial court constitutes a breakdown in the court's operation, which excuses the facially untimely appeal filed more than thirty days after revocation of Appellant's probation.  **See Commonwealth v. Parlante**, 823 A.2d 927, 929 (Pa. Super. 2003) (declining to quash appeal filed thirty-nine days after entry of revocation of probation sentence, but only twenty-nine days after denial of petition for modification, because court's misstatement of appeal period was "breakdown in the court's operation.") (citation omitted).  Accordingly, Appellant timely filed his notice of appeal.

intent to file an **Anders** brief. **See** Pa.R.A.P. 1925(c)(4). On May 29, 2015, the trial court filed its opinion. **See** Pa.R.A.P. 1925(a).

Before reaching the merits of the issue raised in the **Anders** brief, we address counsel's petition to withdraw. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) ("When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.") (citations omitted).

To withdraw pursuant to **Anders**, counsel must: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him or her of the right to obtain new counsel or file a *pro se* brief to raise any additional points that the appellant deems worthy of review. **See id.** Thereafter, this Court independently reviews the record and issues. **See id.**

Here, on review, it appears that counsel has substantially complied with **Anders**, **supra**, and **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009) (holding counsel must state reasons for concluding that appeal is frivolous). Counsel has also substantially complied with **Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005), by providing a copy of the notice letter advising Appellant of his rights. Therefore, we will undertake our own independent review of the appeal to determine if it is wholly frivolous.

In the **Anders** brief, Appellant's counsel presents one issue that might arguably support an appeal:

> [I.] Whether the trial court erred [] in revoking [Appellant's] special probation based upon [Appellant's] failure to complete sexual offender treatment prior to his release from prison and resentencing him to incarceration?

(**Anders** Brief, at 1).

This issue challenges the legality of the sentence imposed by the trial court; specifically, whether the court had the authority to revoke Appellant's probation **while he was still incarcerated** and impose a new sentence of incarceration. (**See id.** at 7-8). Appellant's claim lacks merit.

Our standard of review of an appeal from a sentence imposed following the revocation of probation is well-settled: "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." **Commonwealth v. Colon**, 102 A.3d 1033, 1041 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015) (citation omitted).

> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). "[U]pon revocation [of probation] . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." **Commonwealth v. Infante**, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted). However, 42 Pa.C.S.A. § 9771(c) provides that once probation

has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

*Id.* at 1044. Additionally, this Court has held that a trial court is within its authority to revoke an appellant's probation and impose a sentence of total confinement, while an appellant is incarcerated, if he demonstrates that he is not worthy of probation and that he poses a risk to the community and is likely to commit new crimes. *See Commonwealth v. Hoover*, 909 A.2d 321, 324 (Pa. Super. 2006).

Here, the trial court concluded that based on Appellant's actions while incarcerated, specifically his failure to complete sexual offender treatment, incarceration was necessary "to maintain safety to the public, to himself[,] and to prevent [Appellant from] reoffending." (N.T. Hearing, 2/19/15, at 47). Accordingly, we conclude that the trial court acted within its authority when it revoked Appellant's probation and imposed a sentence of imprisonment. *See* 42 Pa.C.S.A. § 9771(c); *Colon*, *supra* at 1044; *Hoover*, *supra* at 324. We agree with counsel that Appellant's claim is wholly frivolous.

Because Appellant has exercised his right to file a *pro se* brief, we review the issues raised in that brief as well. *See Commonwealth v.*

*Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 936 A.2d 40 (Pa. 2007) ("*Anders* specifically contemplates that, after counsel files the *Anders* brief, an appellant may file a *pro se* brief. . . . Thus, when conducting an *Anders* review, this Court will consider not only the brief filed by counsel but also any *pro se* appellate brief.") (citations omitted). Appellant raises two issues in his *pro se* response to the *Anders* brief:

> [I. Whether] the trial court abused its discretion in imposing a sentence . . . of total confinement for technical violations of probation[?]

> [II. Whether the trial court] illegally separated [Appellant] from his legally contractual married wife[?]

(*Pro Se* Brief, at 4-5).[6]

In his first issue, Appellant challenges the discretionary aspects of his revocation sentence and claims that the trial court abused its discretion and violated a fundamental norm of the sentencing process when it imposed a

_____

[6] Appellant's *pro se* brief supplementing the **Anders** brief fails to comply with the procedural briefing rules set forth in the Pennsylvania Rules of Appellate Procedure. "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. . . ." **Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005). Here, Appellant's *pro se* supplemental brief contains substantial defects: it is rambling, repetitive, and often incoherent. **See id.**; (*Pro Se* Brief, at 1-7). "Nonetheless, in the interest of justice we address the arguments that can reasonably be discerned from this defective brief." **Lyons**, **supra** at 252.

sentence of total confinement for a technical violation of probation.  (***See id.*** at 4).  We disagree.

Where an appellant challenges the discretionary aspects of a sentence there is no automatic right to appeal, and his appeal should be considered a petition for allowance of appeal.  ***See Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007).  As we observed in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Moury***, ***supra*** at 170 (case citation omitted).

"The determination of whether a substantial question exists must be determined on a case-by-case basis."  ***Commonwealth v. Hartman***, 908 A.2d 316, 320 (Pa. Super. 2006) (citation omitted).  This Court has explained that: "[a] substantial question exists where an appellant advances a colorable argument that the sentencing judge's actions [were] either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.***

(quoting **Commonwealth v. Koren**, 646 A.2d 1205, 1208 (Pa. Super. 1994)).

Here, Appellant has met the first prongs of this test by timely filing a notice of appeal and a motion to reconsider sentence pursuant to Pa.R.Crim.P. 720. Although Appellant failed to include a 2119(f) statement in his brief, the Commonwealth did not object to the absence of the statement. "A failure to include the Rule 2119(f) statement does not automatically waive an appellant's argument; however, we are precluded from reaching the merits of the claim when [the appellee] lodges an objection to the omission of the statement." **Commonwealth v. Love**, 896 A.2d 1276, 1287 (Pa. Super. 2006), *appeal denied*, 940 A.2d 363 (Pa. 2007) (citation omitted); **see also Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa. Super. 2009) (holding that **Anders** review requires consideration of issues otherwise waived on appeal).

> The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the fundamental norms which underlie the sentencing process. Additionally, a substantial question that the sentence was not appropriate under the Sentencing Code may occur even where a sentence is within the statutory limits.

**Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010), *appeal denied*, 13 A.3d 475 (Pa. 2010) (citations and quotation marks omitted). Accordingly, Appellant's first issue raises a substantial question and we will review his claim.

A trial court's revocation of probation "will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." **Colon**, **supra** at 1041. "A probation order is conditional by its very nature. As such, '[t]he court may at any time . . . lessen or increase the conditions upon which an order of probation has been imposed.'" **Commonwealth v. Nicely**, 638 A.2d 213, 217 (Pa. 1994) (quoting 42 Pa.C.S.A. § 9771(a)). Furthermore, a court may impose a sentence of total confinement following revocation of probation where the defendant's conduct indicates he is likely to reoffend. **See Crump**, **supra** at 1282-82 (citing 42 Pa.C.S.A. § 9771(c)).

Here, as noted by the trial court, Appellant "failed to complete sexual offender treatment[,] which is necessary for [Appellant], who has already been found to be a sexual predator, and is appropriate for the safety of the community and persons [Appellant] comes in contact with, as well as for the benefit of [Appellant] to prevent him reoffending." (N.T. Hearing, at 44). The court had jurisdiction to require that Appellant complete his sexual offender treatment prior to commencement of his probation, and properly exercised its discretion when it revoked his probation for failing to complete such treatment and sentenced him to a period of incarceration to prevent him from reoffending. **See Nicely**, **supra** at 217; **Crump**, **supra** at 1282-83. Thus, the record supported Appellant's sentence and it was well within the trial court's discretion. **See Colon**, **supra** at 1041. Appellant's first *pro se* issue does not merit relief.

In his second *pro se* issue Appellant claims that the trial court illegally separated him from his "legally contractual married wife" when it ordered him to have no contact with his wife, Terry Brown, without prior approval of his probation supervisor. (*Pro Se* Brief, at 5; **see** N.T. Hearing, 2/19/15, at 45). We disagree.

Appellant's challenge to this condition of his probation is a challenge to the legality of the sentence. **See Commonwealth v. Wilson**, 11 A.3d 519, 524 (Pa. Super. 2010), *vacated on other grounds by*, 67 A.3d 736 (Pa. 2013). As discussed above, a trial court may lessen or increase the conditions of probation. **See Nicely**, **supra** at 217; 42 Pa.C.S. § 9771(a). "While the [] court can order a no-contact condition on probation, it can only do so when that condition is reasonably calculated to aid in the defendant's rehabilitation." **Koren**, **supra** at 1209 (citing 42 Pa.C.S.A. § 9754(b)).

Here, the trial court ordered that Appellant have "no contact, direct or indirect, through a third party[,] with Terry Brown without prior written approval of probation supervision staff." (N.T. Hearing, 2/19/15, at 45). Because Appellant is a sexually violent predator who is barred from having contact with minor children, and because probation officer Woznikaitis's testimony at the revocation hearing indicated that Ms. Brown was manipulating prison visits to allow Appellant to see his minor grandchildren, (**see id.** at 6), this condition was reasonably calculated to aid in Appellant's

rehabilitation. ***See Koren***, ***supra*** at 1209. Accordingly, Appellant's second *pro se* issue does not merit relief.

We agree with counsel that Appellant's claims on appeal are wholly frivolous. After considering the issue raised in the ***Anders*** brief, the issues that Appellant raised *pro se*, and on independent review, we find no other non-frivolous issues that would merit relief for Appellant.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/2016