638 A.2d 213

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Cynthia Ann NICELY, Appellee.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Tricia Ann WILLIAMS, Appellee.**

Supreme Court of Pennsylvania.

Argued March 10, 1993.

Decided March 14, 1994.

Roseann B. Termini, Deputy Atty. Gen., Robert A. Graci, Chief Deputy, Andrea F. McKenna, Harrisburg, for appellant.

Gregory L. Cecchetti, Asst. Public Defender, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

*OPINION*

NIX, Chief Justice.

█ This is an appeal from an Order of the Court of Common Pleas granting Appellees, Cynthia Ann Nicely and Tricia Ann Williams, relief from the payment of a supervisory fee. Jurisdiction in this case is noted pursuant to section 722(7) of the Judicial Code, 42 Pa.C.S. § 722(7), which mandates a direct appeal to this Court whenever the Court of Common Pleas holds a statute of this Commonwealth invalid as repugnant to the Pennsylvania Constitution. The issue presented for review is whether the separation of powers doctrine permits the General Assembly to pass an administrative regulation requiring every person placed on probation to pay a supervisory fee as a part of their probation order. For the reasons that follow, we find that the regulation is not violative of the separation of powers doctrine and, therefore, reverse the Order of the Court of Common Pleas.

Appellees in these two consolidated cases have been placed on probation as a result of a guilty plea or acceptance into the Accelerated Rehabilitation Disposition (ARD) Program, Rules 176 to 186 of the Pennsylvania Rules of Criminal Procedure.

Appellee Nicely entered a plea of guilty to one count of criminal conspiracy.[1] On January 8, 1991, she was sentenced to pay the costs of prosecution and was placed under the supervision of the Westmoreland County Adult Probation Parole Office for a period of five years.

Appellee Williams was charged with two counts of driving under the influence of alcohol or a controlled substance[2] and one count of underage drinking.[3] On March 8, 1991, she was accepted into the ARD program and placed under the supervision of the Westmoreland County Adult Probation Office for one year. Williams was also ordered to pay various fines and costs associated with her prosecution and rehabilitation.

In November, 1991, Nicely and Williams were notified that they were required to pay a supervision fee of $25.00 per month. This supervisory fee became effective August 14, 1991, as a result of the General Assembly's passage of Act 35 of 1991 which amended the Administrative Code of 1929[4] by adding section 477.20,[5] *Costs for offender supervision programs.* Section 477.20 imposes a monthly supervision fee for administrative expenses entailed in offender supervision programs. The fee applies to offenders who have been placed under the supervision of a county probation department or the Pennsylvania Board of Probation and Parole.[6]

On November 8, 1991, Appellees filed a petition in the Court of Common Pleas seeking relief from payment of the supervisory fee. In the petition, Appellees claimed that the fee constituted *ex post facto* law; violated the separation of powers doctrine; imposed greater punishment than was set forth

1. 18 Pa.C.S. § 903(a)(1).

2. 75 Pa.C.S. § 3731(a)(1), (4).

3. 18 Pa.C.S. § 6308.

4. Act of April 9, 1929, P.L. 177, No. 175 (codified at 71 P.S. §§ 51 *et seq.*).

5. Act of August 14, 1991, P.L. 331, No. 35, § 4 (codified at 71 P.S. § 180–7.20).

6. We will not address the application of the fee to persons placed on parole because this issue has not been raised by Appellees and is not applicable in the instant case.

at the time the punishable act was committed; and violated their right to due process.

After a hearing on the petition, the court granted Appellees' request for relief from payment. In so doing, the trial judge concluded that "[t]he legislature's attempt to automatically have this supervision fee become a part of a final court order clearly violates the concept of the separation of powers and is unconstitutional as it applies to the petitioners Nicely and Williams." *Commonwealth v. Williams,* No. 3658 c 1990, slip op. at 4 (C.P. Westmoreland County February 11, 1992). We find that the learned trial judge committed an error of law by holding section 477.20 unconstitutional.

Section 477.20 provides in pertinent part:

(a) The court shall impose, as a condition of supervision, a monthly supervision fee of at least twenty-five dollars ($25) on any offender placed on probation, parole, accelerated rehabilitative disposition, probation without verdict or intermediate punishment, unless the court finds that such fee should be reduced, waived or deferred based on the offender's present inability to pay. Of the fee collected, fifty percent (50%) shall be deposited into the County Offender Supervision Fund established in each county pursuant to this section and the remaining fifty percent (50%) shall be deposited into the State Offender Supervision Fund established pursuant to this section.

(b) The Pennsylvania Board of Probation and Parole shall impose, as a condition of supervision, a monthly supervision fee of at least twenty-five dollars ($25) on any offender under the board's supervision, unless the board finds that such fee should be reduced, waived or deferred based on the offender's present inability to pay.

(c) For offenders under supervision of a county probation department or the Pennsylvania Board of Probation and Parole, as of the effective date of this section, the fee will automatically become a part of the supervision conditions as if the court or board had imposed it, unless the court or

board makes a finding that the offender is presently unable to pay.

71 P.S. § 180–7.20(a)–(c).

In holding that section 477.20 runs afoul of the separation of powers doctrine, the trial judge relied upon this Court's decision in *Commonwealth v. Sutley,* 474 Pa. 256, 378 A.2d 780 (1977). In *Sutley,* an amendment[7] to the Controlled Substance, Drug, Device and Cosmetic Act[8] was held violative of the doctrine of separation of powers because it would have required the re-sentencing of certain individuals who had previously been sentenced by the court. This Court held that

[t]he amendment [was] in operation and effect, a legislative command to the courts to open a judgment previously made final, and to substitute for that judgment a disposition of the matter in accordance with the subsequently expressed legislative will. The vesting in the legislature of the power to alter final judgments would be repugnant to our concept of the separation of the three branches of government.

*Id.* at 261, 378 A.2d at 782.

We find that the trial judge's reliance on *Sutley* was misplaced in this case. Section 477.20 does not extend, amend, or otherwise modify the "sentences" imposed upon Appellees.

7. The amendment provided:

The provisions of this act shall not affect any act done, liability incurred, or right accrued or vested, or affect any suit or prosecution pending to enforce any right or penalty or punish any offense under the authority of any Act of Assembly, or part thereof, repealed by this act: Provided, however, That in any case final on or before June 12, 1972 in which a defendant was sentenced for the commission of acts similar to those proscribed by subsection (16) or (31), but not (30), of section 13(a) of this act, such defendant shall be resentenced under this act upon his petition if the penalties hereunder are less than those under prior law and in such case the prior criminal record of the defendant shall be expunged to the extent that such record shall no longer contain any reference to the prior grade of the offense if higher than the grade of the offense to which defendant is resentenced.

Act of April 14, 1972, P.L. 233, No. 64, § 38, *as amended by* Act of July 25, 1973, P.L. 219, No. 54, § 1 (codified at 35 P.S. § 780–138).

8. Act of April 14, 1972, P.L. 233 No. 64, § 1 (codified at 35 P.S. §§ 780–101, *et seq.*).

Rather, it sets forth a procedural method to carry out the orders of the court. The General Assembly created the fee in order to supplement the expense incurred in supervising offenders on probation.

We note initially that there exists "a strong presumption in favor of the constitutionality of statutes—a presumption which reflects on the part of the judiciary the respect due to the legislature as a co-equal branch of government." *School Dist. of Deer Lakes and Allegheny Valley v. Kane*, 463 Pa. 554, 562, 345 A.2d 658, 662 (1975) (footnotes omitted). The party alleging the unconstitutionality of a legislative enactment must, therefore, bear the burden of proving that the enactment "clearly, palpably and plainly" violates the constitution. *Commonwealth v. Blystone*, 519 Pa. 450, 463, 549 A.2d 81, 87 (1988), *aff'd, Blystone v. Pennsylvania*, 494 U.S. 299, 110 S.Ct. 1078, 108 L.Ed.2d 255 (1990). *Tosto v. Pennsylvania Nursing Home Agency*, 460 Pa. 1, 331 A.2d 198 (1975); *Daly v. Hemphill*, 411 Pa. 263, 191 A.2d 835 (1963); *Rubin v. Bailey*, 398 Pa. 271, 157 A.2d 882 (1960); *Clark v. Meade*, 377 Pa. 150, 104 A.2d 465 (1954); *Lighton v. Abington Township*, 336 Pa. 345, 9 A.2d 609 (1939); *Sharpless v. Mayor of Philadelphia*, 21 Pa. 147 (1853).

It is a well-established principle of law that "the judgment in a criminal case is the sentence and not the conviction." *Commonwealth ex rel. Holly v. Ashe*, 368 Pa. 211, 218, 82 A.2d 244, 247, *cert. denied*, 342 U.S. 862, 72 S.Ct. 90, 96 L.Ed. 649 (1951). *See also Berman v. United States*, 302 U.S. 211, 212, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937); *Hill v. United States ex rel. Wampler*, 298 U.S. 460, 464, 56 S.Ct. 760, 762, 80 L.Ed. 1283, 1286 (1936); *Miller v. Aderhold*, 288 U.S. 206, 210, 53 S.Ct. 325, 326, 77 L.Ed. 702, 705 (1933); *Commonwealth v. Mackley*, 380 Pa. 70, 73, 110 A.2d 172, 174 (1954). Moreover, "an order placing a defendant on probation ... is not a judgment of sentence as that term is construed for purposes of procedure...." *Commonwealth v. Vivian*, 426 Pa. 192, 200, 231 A.2d 301, 305 (1967) (footnote omitted). A court, in its discretion, may place an offender on probation as an

alternative to imposing a sentence. 61 P.S. § 331.25. The probation order may be conditioned upon a number of factors, including restitution to an injured party and payment of costs of prosecution. *See* 42 Pa.C.S. § 9754. It is also important to note that the court does not exhaust its sentencing power when it places an offender on probation with terms and conditions. *Commonwealth v. Ferguson,* 201 Pa.Super. 649, 653, 193 A.2d 657, 659–60 (1963).

In *Commonwealth v. Elias,* 394 Pa. 639, 149 A.2d 53 (1959), this Court articulated the distinction between probation and a judgment of sentence. It was stated that

"an order placing a defendant on probation ... is a judgment from which the defendant may appeal if he claims that error was committed on the trial, but it is not a *sentence* from which he must appeal within [the time for appeal] after its entry, on pain of losing his right to appeal from a sentence subsequently imposed for violation of the terms and conditions of his probation. Like many other judgments, interlocutory in character, from which an appeal is allowed ... the defendant is not *obliged* to appeal until a final judgment—which in criminal cases is the sentence—is entered."

*Id.* at 642, 149 A.2d at 54–55 (citations omitted) (quoting *Commonwealth ex rel. Paige v. Smith,* 130 Pa.Super. 536, 543, 198 A. 812, 815 (1938)). The trial judge below mistakenly relied upon the notion that the judgment of sentence was final because the appeal period had passed. This was incorrect because "a judgment of sentence may never be imposed on a criminal defendant who is placed on probation...." *Commonwealth v. Gilmore,* 465 Pa. 202, 205, 348 A.2d 425, 427 (1975). In the instant case, Appellees would not be sentenced unless they violated a condition of their probation, at which time they would be given a hearing. If there is a judicial determination that a probation violation has occurred, a sentence may be imposed and judgment at that point becomes final. That has not occurred here; there can be no finality based on the entry of the order of probation.

■ A probation order is conditional by its very nature. As such, "[t]he court may at any time ... lessen or increase the conditions upon which an order of probation has been imposed." 42 Pa.C.S. § 9771(a). The court below therefore had jurisdiction to modify Appellees' probation conditions in order to comply with the General Assembly's mandate that persons on probation contribute to the cost of their supervision.

■ Moreover, it is debatable whether the supervisory fee required by section 477.20 constitutes an increase in the probation conditions. The fee in this case is analogous to the imposition of costs in a criminal proceeding. The imposition of costs in a criminal case is not part of the sentence, but rather is incident to the judgment. *Commonwealth v. Cauffiel,* 97 Pa.Super. 202, 205–06 (1929). The liability for costs is not part of the statute which provides for the punishment of an offense. *Id.* Similarly, the supervisory fee is administrative in nature and not intended to be punitive or otherwise interfere with the probation order of the court. The conditions of probation may therefore be modified as necessary to accommodate the needs of the court, the supervising agency, and the probationer.

Accordingly, we conclude that there was no violation of the separation of powers doctrine when Appellees were notified that they were to pay the monthly supervisory fee pursuant to section 477.20. The Order of the Court of Common Pleas is reversed and the matter remanded.

LARSEN, J., did not participate in the decision of this case.

MONTEMURO, J., who was an appointed Justice of the Court at the time of argument, participated in the decision of this case in his capacity as a Senior Justice.