J-S67006-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM MILLER, | : | |
| | : | |
| Appellant | : | No. 1980 WDA 2013 |

Appeal from the Order dated November 4, 2013,
Court of Common Pleas, Allegheny County,
Criminal Division at No. CP-02-CR-0014519-2008

BEFORE:  DONOHUE, MUNDY and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.:  **FILED NOVEMBER 20, 2014**

Appellant, William Miller ("Miller"), appeals from the trial court's denial of his motion to transfer the supervision of his probation from the Pennsylvania Board of Probation and Parole to the Allegheny County Adult Probation Department.  For the reasons that follow, we affirm the trial court's order.

On May 12, 2009, Miller pled guilty to one count of simple assault, 18 Pa.C.S.A. § 2701(a)(1), one count of criminal mischief, **id.** at § 3304, and several summary offenses.  The trial court delayed sentencing until June 29, 2009 while Miller resolved two other criminal cases.  At sentencing, the trial court sentenced Miller to two years of probation to commence upon his release from the Allegheny County jail on the other pending cases.  While the sentencing transcript does not specify whether the probation would be

---

*Former Justice specially assigned to the Superior Court.

supervised by state or county authorities, the sentencing order reflects that the supervision would be conducted by the Allegheny County Adult Probation Department. On July 6, 2011, while Miller remained incarcerated, the trial court entered an order indicating that upon his release from county jail, the Pennsylvania Board of Probation and Parole should instead supervise Miller's probation.

On June 20, 2012, Miller filed a *pro se* petition for relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46 ("PCRA"). The trial court appointed counsel to represent Miller, but on September 30, 2013, appointed counsel filed a petition pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), on the grounds that Miller's PCRA petition was untimely. After reviewing the record, however, appointed counsel also concluded that the trial court's July 6, 2013 order was in error, and filed on Miller's behalf a Motion to Enforce Judgment of Sentence, requesting that the trial court correct the error and reinstitute supervision of Miller's probation to county authorities. On November 4, 2013, the trial court denied this motion. Miller appeals this decision and raises the following issue for our review and determination:

> Whether the trial court erred in holding that [Miller's] term of probation is properly supervised by the Pennsylvania Board of Probation and Parole, rather than the Allegheny County Adult Probation Department.

Miller's Brief at 6.

On appeal, Miller contends that the trial court lacked jurisdiction to alter its sentencing order, as 42 Pa.C.S.A. § 5505 does not permit non-clerical modifications of a sentencing order after thirty days from the date of its entry. According to Miller, the trial court's original sentencing order, which designated that the Allegheny County Adult Probation Department would supervise his probation, contained no clerical error, and thus the trial court had no statutory authority to issue its July 6, 2011 order transferring supervision responsibilities to the Pennsylvania Board of Probation and Parole. *Id.* at 12. Review of a trial court's jurisdiction to alter a judgment of sentence presents a question of law, and thus our scope of review is plenary and our standard of review is *de novo*. **Commonwealth v. Borrin**, 12 A.3d 466, 471 (Pa. Super. 2011), *affirmed*, 80 A.3d 1219 (Pa. 2013).

We cannot agree with Miller that the trial court lacked jurisdiction to modify the terms of his probation. Subsection (a) of 42 Pa.C.S.A. § 9771, entitled "Modification or revocation of order of probation," provides as follows:

> **(a) General rule.--**The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

42 Pa.C.S.A. 9771(a). Pursuant to this provision, trial courts retain the statutory authority to lessen or increase the probationary conditions "at any

time." In his appellate brief, Miller concedes, "State Probation is generally more intensive than County Probation, and therefore amounts to a more onerous sentence than County Probation." Miller's Brief at 8 n.2. Consequently, subsection 9771(a) provided the trial court with authority to increase the conditions of his probation through its issuance of the July 6, 2011 order.

Section 5505 has no application to sentencing orders imposing probation. The limitation on modification of orders in section 5505 applies only to final orders. *See, e.g.*, *Commonwealth v. Nicodemus*, 636 A.2d 1118, 1120 (Pa. Super. 1993). As our Supreme Court has recognized, however, because of subsection 9771(a), a probation order is not final but rather "is conditional by its very nature." *Commonwealth v. Nicely*, 638 A.2d 213, 217 (Pa. 1994). In *Nicely*, the Supreme Court, relying on subsection 9771(a), found that the trial court had jurisdiction to modify the terms of the appellee's probation ten months after its entry to comply with a newly enacted legislative mandate that persons on probation pay a monthly fee to contribute to the cost of their supervision. *Id.*

For the same reasons, we must reject the Commonwealth's contention that Miller's Motion to Enforce Judgment of Sentence was an untimely PCRA petition because it collaterally attacks the judgment of sentence but was filed well after the one-year time bar in 42 Pa.C.S.A. § 9545(b). Commonwealth's Brief at 9. Subsection 9545(b) provides that PCRA

petitions must be filed "within one year of the date the judgment becomes *final* …." 42 Pa.C.S.A. § 9545(b) (emphasis added). In accordance with *Nicely* and subsection 9771(a), however, probation orders are not final but rather conditional, and thus the time bar in subsection 9545(b) does not begin to run at the time of their entry.

Order affirmed. Jurisdiction relinquished.

Fitzgerald, J. joins the Memorandum.

Mundy, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2014