J. S58041/18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| THOMAS EDWARD SERVEY, | : | No. 773 WDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, February 7, 2018,
in the Court of Common Pleas of Clarion County
Criminal Division at No. CP-16-CR-0000509-2016

BEFORE: OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: FILED MARCH 11, 2019

Thomas Edward Servey appeals from the February 7, 2018 judgment of sentence entered by the Court of Common Pleas of Clarion County following his conviction of rape (forcible compulsion), statutory sexual assault, aggravated indecent assault, corruption of a minor, and indecent assault.[1] After careful review, we affirm.

The Commonwealth charged appellant with, inter alia, the above-referenced crimes on October 19, 2016. On June 13, 2017, appellant filed a motion for nominal bail pursuant to Pa.R.Crim.P. 600. The trial court granted appellant's motion on June 19, 2017, subjecting appellant to house arrest with electronic monitoring. The trial court also ordered appellant to

---

[1] 18 Pa.C.S.A. §§ 3121(a)(2), 3122.1(b), 3125(a)(8), 6301(a)(1)(ii), and 3126(a)(8), respectively.

pay the costs of supervision.  Following trial, the jury convicted appellant of the above-referenced crimes on August 28, 2017.

The trial court sentenced appellant to an aggregate term of 11 to 33 years' imprisonment on February 7, 2018.  On February 12, 2018, appellant filed a post-sentence motion.  Appellant then filed a motion for leave to file an amended post-sentence motion, accompanied by an amended post-sentence motion on April 2, 2018.  The trial court granted appellant's motion for leave to file an amended post-sentence motion on April 3, 2018.  On April 27, 2018, the trial court denied both appellant's post-sentence motion and amended post-sentence motion.

Appellant timely filed a notice of appeal to this court on May 23, 2018.  The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on May 25, 2018.  On June 13, 2018, appellant complied with the trial court's order.  The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on June 18, 2018.

Appellant raises the following issue for our review:

> Did the trial court err in denying [appellant's] request for credit for time served while on house arrest when [appellant] was required to pay the costs of house arrest in order to be released on "nominal bail" pursuant to Pa.R.Cr[im.]P. [] 600?

Appellant's brief at 4.

> A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence.  Commonwealth v. Johnson, 967 A.2d 1001, 1003 (Pa.Super. 2009).  Issues relating to the

legality of a sentence are questions of law. Commonwealth v. Aikens, 139 A.3d 244, 245 (Pa.Super. 2016). Our standard of review over such questions is de novo and the scope of review is plenary. Id.

Commonwealth v. Gibbs, 181 A.3d 1165, 1166 (Pa.Super. 2018).

In Commonwealth v. Sloan, 907 A.2d 460, 468 (Pa. 2006), our supreme court held that a court may impose nonmonetary conditions, including house arrest and electronic monitoring, on a defendant released on nominal bail pursuant to Pa.R.Crim.P. 600. A defendant is entitled to credit for time served "for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed . . . . Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal." 42 Pa.C.S.A. § 9760(1) (emphasis added). In his brief, appellant concedes that time spent on house arrest does not qualify for time-served credit. (See appellant's brief at 9, citing Commonwealth v. Kyle, 874 A.2d 12, 20 (Pa. 2005).)

Appellant, however, argues that equity requires that he be granted credit for time served, citing Commonwealth v. Kriston, 588 A.2d 898 (Pa. 1991). (Appellant's brief at 9.) Kriston is distinguishable from the case presently before us. The defendant in Kriston was assured by prison officials that his time spent on electronic home monitoring would be credited to him as time served. Kriston, 588 A.2d at 901. Our supreme court held that denying the defendant credit for his time spent on electronic home

monitoring where prison officials assured him that he would receive credit would "constitute a manifest injustice." Id.

Appellant does not allege that any law enforcement official promised him credit for time served on electronic home monitoring. Rather, appellant argues that the trial court's requirement that appellant pay costs associated with his house arrest and electronic monitoring were tantamount to a monetary condition being placed on his nominal bail and that he is, therefore, entitled to either credit for time served while he was on house arrest or, in the alternative, that he is entitled to a refund of his payments for electronic monitoring. (Id. at 10-12.) Appellant's argument misses the mark.

In Commonwealth v. Nicely, 638 A.2d 213 (Pa. 1994), the defendants were ordered to pay administrative costs associated with their probation or enrollment in the Accelerated Rehabilitation Disposition Program ("ARD").[2] Id. at 214. Both defendants petitioned the trial court requesting relief from payment, averring that the imposition of administrative costs, inter alia, "imposed greater punishment than was set forth at the time the punishable act was committed; and violated their right to due process." Id. at 215. Our supreme court ultimately concluded that administrative costs associated with probation are "not intended to be

---

[2] Nicely decided two consolidated cases involving a defendant being placed on probation following a guilty plea and another defendant enrolling into ARD. Id. at 214.

punitive or otherwise interfere with the probation order of the court." Id. at 217.

We find that the trial court's imposition of the costs of pretrial supervision on appellant is tantamount to the administrative costs contemplated by the Nicely court. Therefore, we extend the conclusion reached in Nicely to hold that administrative costs of pretrial electronic home monitoring imposed by the trial court did not interfere with appellant's nominal bail and were not a monetary condition of bail. Accordingly, appellant is not entitled to credit for time served, nor is he entitled to a refund of his payments for pretrial electronic monitoring.

Judgment of sentence affirmed.


Murray, J. joins this Memorandum.

Olson, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary




Date: 3/11/2019