J-S05022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KELLYANN MCNELIS | : | |
| | : | |
| Appellant | : | No. 983 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 21, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0006202-2019

BEFORE:  BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 02, 2021**

Kellyann McNelis appeals from the judgment of sentence, imposed in the Court of Common Pleas of Montgomery County, after she entered a negotiated guilty plea to driving under the influence.  In accordance with the plea agreement, the trial court sentenced McNelis to a maximum term of six months' incarceration, with credit for time served, plus a mandatory fine of $300.  McNelis was also ordered to pay costs of prosecution and supervision fees.  McNelis filed a post-sentence motion seeking relief from the imposition of costs, which the trial court denied on February 25, 2020, without a hearing.  On April 6, 2020, McNelis filed a notice of appeal to this Court.[1]  Both McNelis

---

[1] Due to the statewide judicial emergency declared as a result of the COVID-19 pandemic, all notices of appeal due to be filed between March 19, 2020, and May 8, 2020, are deemed to have been timely filed if they were filed by close of business on May 11, 2020. ***See In Re:  General Statewide Judicial***
*(Footnote Continued Next Page)*

and the trial court have complied with Pa.R.A.P. 1925. McNelis' sole claim on appeal challenges the trial court's imposition of the costs of prosecution and supervision fees without first holding a hearing to consider her ability, as an indigent person, to pay those costs. She is entitled to no relief.

On March 23, 2021, this Court issued its decision in **Commonwealth v. Lopez**, 248 A.3d 589 (Pa. Super. 2021) (en banc). Like McNelis, Lopez challenged the trial court's imposition of mandatory court costs without first holding a hearing to determine his ability to pay, asserting that such a hearing is required under Pa.R.Crim.P. 706(c)[2] and **Commonwealth v. Martin**, 335

_____

**Emergency**, Nos. 531 and 532 Judicial Administrative Docket, at 5, Section III (Pa. filed April 28, 2020). Here, McNelis' notice of appeal was due on or before March 29, 2020 and thus, was tolled by the order of the Supreme Court. Accordingly, we consider her notice of appeal, filed on April 6, 2020, timely filed.

[2] Rule 706 provides:

> (A) A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.

> (B) When the court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the financial resources of the defendant and the nature of the burden its payments will impose, as set forth in paragraph (D) below.

> (C) The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's

*(Footnote Continued Next Page)*

A.2d 424 (Pa. Super. 1975) (en banc) (holding court must hold ability-to-pay hearing when imposing fine), as well as sections 9721(c.1) and 9728(b.2) of the Sentencing Code.[3]  **See** 42 Pa.C.S.A. §§ 9721(c.1) and 9728(b.2).  In rejecting Lopez's claim, this Court concluded that "[w]hen the sections of Rule 706 are read sequentially and as a whole, as the rules of statutory construction direct, it becomes clear that [s]ection C only requires a trial court to determine a defendant's ability to pay at a hearing that occurs prior to incarceration, as referenced in [s]ections A and B." **Lopez**, **supra** at 592.  While the trial court maintains the discretion to conduct an ability-to-pay hearing prior to imposing costs, "nothing in the Rules of Criminal Procedure, the Sentencing Code[,] or

---

> financial means, including the defendant's ability to make restitution or reparations.
>
> (D) In cases in which the court has ordered payment of a fine or costs in installments, the defendant may request a rehearing on the payment schedule when the defendant is in default of a payment or when the defendant advises the court that such default is imminent.  At such hearing, the burden shall be on the defendant to prove that his or her financial condition has deteriorated to the extent that the defendant is without the means to meet the payment schedule.  Thereupon[,] the court may extend or accelerate the payment schedule or leave it unaltered, as the court finds to be just and practicable under the circumstances of record.  When there has been default and the court finds the defendant is not indigent, the court may impose imprisonment as provided by law for nonpayment.

Pa.R.Crim.P. 706.

[3] Sections 9721(c.1) and 9728(b.2) of the Sentencing Code make the payment of costs by a defendant mandatory even in the absence of a court order requiring such payment unless, in the exercise of its discretion, the court determines otherwise pursuant to Rule 706(C).

established case law takes that discretion away from the trial court unless and until a defendant is in peril of going to prison for failing to pay the costs imposed on him." ***Id.*** at 595. Accordingly, McNelis is entitled to no relief.

McNelis also contests the court's imposition of probation supervision fees[4] without first determining her ability to pay. In ***Commonwealth v.***

---

[4] In addition to costs, a court may impose, as a condition of supervision, a monthly fee for administrative expenses attendant to offender supervision programs. ***Commonwealth v. Nicely***, 638 A.2d 213 (Pa. 1994). Pursuant to 37 Pa. Code § 68.21:

> The sentencing judge of the court of common pleas **shall** impose upon an offender, as a condition of supervision, a monthly supervision fee **unless the court** or a supervising agency designated by the court **determines that it should be reduced, waived or deferred based upon one or more of the following criteria**:
>
> (1) The offender is 62 years of age or older with no income.
> (2) The offender is receiving public assistance.
>
> (3) The offender is enrolled as a full-time student for 12 semester credit hours in an educational organization approved by the United States Department of Education.
>
> (4) The offender is incarcerated.
>
> (5) The offender is not employable due to a disability, as determined by an examination acceptable to or ordered by the court.
>
> (6) The offender is responsible for the support of dependents and the payment of a supervision fee constitutes an undue hardship on the offender.
>
> (7) The client is participating in an inpatient treatment program.

*(Footnote Continued Next Page)*

***White***, _ A.3d _, 1310 EDA 2020 (Pa. Super. 2021), this Court recently addressed an identical claim and concluded that no ability-to-pay determination is required prior to the imposition of mandatory fees of supervision.  The Court reasoned:

> [S]imilar to the holding in ***Lopez***, while a court is *required* to impose the fee upon a defendant who is placed under the supervision of a county probation department, a court *may* determine that, due to a defendant's inability to pay, the fee should be reduced, waived, or deferred.  Notably, neither statute *requires* a court to first make a determination regarding a defendant's ability to pay before imposing the fee.  Merely because a court has the discretion to waive the fee, does not mean that it abuses its discretion if it chooses not to do so.

***Id.*** at 6.  Accordingly, McNelis is entitled to no relief on this basis as well.

Judgment of sentence affirmed.

---

> (8)  Other extenuating circumstances as determined by the court or a supervising agency designated by the court.

37 Pa. Code § 68.21 (emphasis added).  Under 18 P.S. § 11.1102, the offender supervision fee is mandatory "unless the court finds that the fee should be reduced, waived or deferred based on the offender's present inability to pay." ***Id.*** at § 11.1102(c); ***see also*** § 11.1102(e)(1) ("[T]he fee shall automatically become a part of the supervision conditions [of probation] . . .  unless the court [] makes a finding that the offender is presently unable to pay" based on six enumerated factors set forth in section 11.1102(e)(2)(i-vi).).

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 6/2/2021*