J-S07022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM H. MAYBERRY, JR. | : | |
| | : | |
| Appellant | : | No. 1095 WDA 2021 |

Appeal from the Order Entered August 11, 2021
In the Court of Common Pleas of Lawrence County
Criminal Division at No(s): CP-37-CR-0001019-2004

BEFORE: OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:          **FILED: June 29, 2022**

William J. Mayberry, Jr. ("Mayberry") appeals from the order adding supervisory conditions to his probationary sentence pursuant to 42 Pa.C.S.A. § 9771. After careful review, we vacate and remand for further proceedings consistent with this memorandum.

In 2004, Mayberry was charged with rape by forcible compulsion, rape of a person less than thirteen years old, two counts of involuntary deviate sexual intercourse with a person less than thirteen years old, statutory sexual assault, aggravated indecent assault, two counts of indecent assault of a person less than sixteen years old, incest, and corruption of minors, for the repeated sexual assault and rape of his biological daughter between 2000 and

_____

[*] Retired Senior Judge assigned to the Superior Court.

2005.[1]  In May 2005, a jury convicted Mayberry of all the charged offenses except involuntary deviate sexual assault of a person less than thirteen years old, and one count of indecent assault of a person less than sixteen years old. The trial court sentenced Mayberry to an aggregate sentence of eight and one-half to seventeen years of imprisonment followed by five years of state-supervised probation.  The trial court also designated Mayberry a sexually violent predator.  *See* 42 Pa.C.S.A. § 9792.

On December 30, 2020, the Pennsylvania Parole Board (the "Board") sent a letter to the trial court requesting a hearing pursuant to 42 Pa.C.S.A. § 9771(d) on its request to add special conditions to Mayberry's probation.[2]  *See* Trial Court Opinion, 8/11/21, at 2.

According to the trial court's opinion, it held the requested hearing on July 1, 2021.[3]  On July 8, 2021, Mayberry filed a motion to discontinue asserting that the Board's request constituted an untimely request for post-sentence modification because he had not yet begun to serve his probationary

_____

[1] *See* 18 Pa.C.S.A. §§ 3121 (a) (1), 3121(a)(6) (now codified at 18 Pa.C.S.A. § 3121(c)), 3123 (a)(6) (now codified at 18 Pa.C.S.A. 3123(b)), 3122.1, 3125, 3126(a)(8), 4302, 6301(a).

[2] These additions were pursuant to a demand by the Department of Corrections ("DOC"), to the Board requiring the addition of conditions as part of their memorandum of understanding.

[3] No transcript of the hearing appears in the certified record.  An informal inquiry has disclosed that the hearing was not transcribed.

sentence, and 42 Pa.C.S.A. § 9771(d) was limited to his conduct while on probation.[4]

On August 11, 2021, the trial court denied Mayberry's motion to discontinue, and granted the Board's request to add special conditions to Mayberry's probationary sentence. **See** Trial Court Opinion, 8/11/21, at 6. Mayberry filed a timely notice of appeal, and complied with Pa.R.A.P. 1925. The trial court did not prepare a Rule 1925(a) opinion, but relied on the reasons stated in its August 11, 2021 opinion and order. **See** Order of Court, 8/28/21.

Mayberry raises the following issues for our review:

> The [trial] court erred by allowing the [Board] to assert its interest under 42 P[a.]C.S.A. § 9771(d) to impose "special conditions" to a 15[-]year[-]old sentence. The court further erred by allowing the rules and conditions of probation to be impermissibly modified more than 30 days after sentencing and did not comply with the limitations set forth in [Pa.R.Crim.P.] 720.

Mayberry's Brief at vii.

An appeal challenging the statutory authority of the trial court to modify the conditions of probation presents a question of law, and thus our standard of review is *de novo* and our scope of review is plenary. **Cf. Commonwealth v. Concordia**, 97 A.3d 366, 373 (Pa. Super. 2014). An order placing a defendant on probation is not a judgment of sentence as that term is

---

[4] In July 2021, Mayberry was incarcerated and had not yet begun to serve his sentence of probation.

construed for the purposes of procedure. ***See Commonwealth v. Nicely***, 638 A.2d 213, 216-17 (Pa. 1994). A probation order is conditional by its very nature and permits a court to alter its terms at any time. ***Id***.

42 Pa.C.S.A. § 9771, entitled "Modification or revocation of order of probation" provides, in relevant part, as follows:

> (a) **General rule.—**The court has inherent power to at any time terminate continued supervision, lessen the conditions upon which an order of probation has been imposed or increase the conditions under which an order of probation has been imposed upon a finding that a person presents an identifiable threat to public safety.
>
> * * * *
>
> (d) **Hearing required**—There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of conduct of the defendant while on probation. . ..

42 Pa.C.S.A. § 9771(a), (d).

Although Mayberry has failed to comply with his obligation to ensure that the hearing was transcribed or appears in the certified record, ***see Commonwealth v. O'Black***, 897 A.2d 1234, 1238 (Pa. Super. 2006) (holding that it is an appellant's responsibility to order the transcription required and ascertain its presence in the record), there is, nevertheless, no indication that the Board pled, or that the trial court considered, whether Mayberry presents an "identifiable threat to public safety" as required by section 9771(a). The trial court's August 11, 2021 opinion is devoid of any factual findings that Mayberry "presents an identifiable threat to public safety"

that permits the court to impose the additional probationary conditions under 42 Pa.C.S.A. § 9771(a).

Accordingly, we conclude that the trial court erred and we are constrained to vacate the trial court's order and remand to the trial court to make the requisite findings of fact required by section 9771(a). The court may hold an additional hearing to consider evidence as it deems necessary, and the trial court shall explain its findings of fact and conclusions of law as to whether the evidence satisfies the requirements of 42 Pa.C.S.A. § 9771(a) and (d) concerning the increase in the conditions of probation.

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2022