J-S32038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS L. SHIRES, II | : | |
| | : | |
| Appellant | : | No. 384 MDA 2022 |

Appeal from the Order Entered February 23, 2022
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0002155-1998

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                **FILED: OCTOBER 20, 2022**

Dennis L. Shires, II, appeals from the order, entered in the Court of Common Pleas of Lycoming County, denying Shires' request to terminate his probationary supervision, granting, in part, Shires' request to modify the conditions of his supervision, and granting the Commonwealth's request to subject Shires to Lycoming County Adult Probation Office's (APO) Special Conditions for Sex Offenders.  After careful review, we affirm.

In 1999, Shires was found guilty, following a non-jury trial,[1] of rape, involuntary deviate sexual intercourse (IDSI), and aggravated indecent assault.  The charges stemmed from a 1998 incident in which Shires

---

[1] The trial took place in a highly unusual manner where just before the scheduled trial, Shires decided to waive a jury and the parties agreed that trial would be conducted by way of stipulation. ***See Commonwealth v. Shires***, 1677 MDA 1999, *3  (Pa. Super. filed March 23, 2001) (unpublished memorandum decision).

brandished a knife and sexually assaulted a 17-year-old clerk in the adult room of a video store. Shires was sentenced to an aggregate sentence of 15-30 years' imprisonment. Shires filed a direct appeal claiming that privileged information was improperly admitted; our Court vacated Shires' judgment of sentence and remanded the case for a new trial. *Commonwealth v. Shires*, 1677 MDA 1999 (Pa. Super. filed March 23, 2001) (unpublished memorandum decision).

On remand, Shires pled guilty to rape, IDSI, and aggravated indecent assault. On October 23, 2002, Shires was sentenced to consecutive sentences of 5½ to 11 years in prison for rape and 3½ to 7 years' imprisonment for aggravated indecent assault, and a probationary tail of 20 years, to be supervised by the Pennsylvania Board of Probation and Parole (the Board) for IDSI. Shires received credit for time served dating back to the original date of his incarceration, November 22, 1998. Shires was also ordered to pay costs, fines and restitution in the amount of $12,000 as "a condition of intermediate punishment, probation[,] or parole supervision."[2] *Id.*, 233 MDA 2019 (Pa. Super. filed Sept. 24, 2019) (unpublished memorandum decision), at *2, citing Order, 10/29/02, at 2; *see generally* 42 Pa.C.S.A. § 9754 (granting trial court authority to impose conditions of probation).

---

[2] Shires was also required to register with the Pennsylvania State Police pursuant to Megan's Law, and to submit to a blood sample with the Pennsylvania State Police for the DNA Blood Bank under Act 14. *See* Order, 10/23/02.

> The Board[,] thereafter[,] required [Shires] to sign and follow 28 conditions of supervision. These conditions were set forth over the course of three documents, all of which were signed by [Shires]: (1) Conditions Governing Special Probation/Parole in February 2010; (2) Optional Special Conditions for Sex Offenders in May 2016; and (3) Standard Special Conditions for Sex Offenders in May 2016.

*Commonwealth v. Shires*, 240 A.3d 974, 976 (Pa. Super. 2020). On December 28, 2016, the trial court entered an order stating "as additional conditions of Shires' special probation, Shires must comply with the conditions governing probation and parole, the standard special conditions for sex offenders, and any supplemental standard special conditions of supervision." Order, 12/28/16, at 1.

In November 2016, Shires completed his parole and began serving his probationary sentence. On March 9, 2017, an order was entered indicating that a preliminary special probation violation hearing was held on March 2, 2017, after which the trial court found probable cause to believe Shires violated the conditions of his special probation. *See* Order, 3/9/17, at 1. On April 19, 2017, following a *Gagnon II*[3] hearing, the trial court conducted a special probation violation hearing, and found that the allegations in the Commonwealth's petition occurred as alleged based upon a counseled admission by Shires. *See* Order, 4/25/17, at 1. While Shires admitted he had engaged in the acts alleged by the Commonwealth, he denied that the

---

[3] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (*Gagnon II* proceeding entails consideration of whether facts warrant revocation and whether probationer has, in fact, acted in violation of one or more conditions of probation; must be demonstrated by evidence containing probative value).

acts violated any terms of his probation. The trial court, nevertheless, determined that the special "conditions [of Shires' probation (as per 12/15/16 order)] survived the change from parole status to probation status." Order 4/25/17. As a result, the court revoked Shires' probation on the IDSI conviction and continued the matter for sentencing.[4]

On July 6, 2017, Shires was sentenced to 3-10 years of incarceration, to be followed by a 10-year period of special probation. Shires filed a timely notice of appeal from his judgment of sentence. On September 28, 2020,[5] this Court vacated Shires' July 6, 2017 judgment of sentence, and reversed the order revoking Shires' probation, finding that the trial court erred by revoking the probation. In coming to its disposition on appeal, the panel stated:

> On their face, **these three supervision conditions**, which require [Shires] to obtain treatment and restrict his residence and his contact with minors, **plainly are not germane to the sole court-imposed condition of probation, which merely required [Shires] to pay costs, fines, and restitution**. Nor could one say they elaborate on or interpret this condition of probation. Accordingly, **the Board exceeded its authority in imposing these conditions, and the trial court erred in revoking [Shires'] probation based upon his violations of these conditions**. We acknowledge that [Shires] has admitted

---

[4] The trial court noted that it did not consider the December 15, 2016 order because there was nothing on the docket to show that Shires was ever served with or otherwise received the order.

[5] Due to direct appeal counsel's failure to file a brief and newly-appointed PCRA counsel's failure to properly seek to withdraw from representing Shires, the case was delayed upon remand and the denial of counsel's petition to withdraw.

to engaging in the conduct at issue, but **since no legal authority exists for revocation of his probation, we are constrained to vacate his judgment of sentence and reverse the order revoking his probation.**

***Shires***, 240 A.3d at 979-80 (emphasis added).[6]

On July 30, 2021, Shires filed a motion for early termination of probation and/or to strike the conditions of probation, wherein he alleged that the APO had Shires sign conditions of probation on October 13, 2020. Shires claimed that "[i]n light of the Superior Court's [September 28, 2020] decision[,] . . . the [Lycoming County] Board of Probation and Parole has no authority to impose th[ose] conditions." Motion for Early Termination of Probation And/Or To Strike Conditions of Probation, 7/30/21, at 3. The court originally scheduled a hearing on Shires' motion for September 28, 2021. However, when the Commonwealth indicated it was opposed to the motion and wanted

_____

[6] Notably, the panel distinguished between conditions of probation, which are imposed by a trial court, and conditions of supervision, which are imposed by a parole and probation board. The Sentencing Code delineates the "reasonable conditions" that trial courts are permitted to impose upon defendants, including requiring them to attend treatment and addiction programs, pay fines and restitution (like Shires), and refrain from frequenting "unlawful or disreputable places." 42 Pa.C.S.A. § 9754(c)(6), (8), and (11)-(12). Moreover, section 9754(c)(13) provides a "catch-all" provision for trial courts allowing them to order defendants "[t]o satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." ***Id.***

The Board, on the other hand, pursuant to the Prisons and Parole Code, may "impose conditions of supervision [on defendants] that are germane to, elaborate on, or interpret any conditions of probation that are imposed by the trial court." 61 Pa.C.S.A. §§ 6131(a)(5)(ii) and 6151. Importantly, any conditions of supervision imposed by the Board or its agents must be "in furtherance of the trial court's conditions of probation.'" ***Id.***

to add additional conditions to Shires' sentence based on a recent treatment summary and risk-assessment report, the hearing was continued to January 24, 2022. On January 18, 2022, the Commonwealth filed an answer to Shires' motion, which included a request to modify the sentencing order entered on October 29, 2002, to impose probation conditions pursuant to 42 Pa.C.S.A. § 9771(a).

Following a hearing, held on January 24, 2022, the court denied Shires' request to terminate his probation supervision, granted, in part, Shires' request to modify the conditions of his supervision by permitting him to have contact with and reside with his fiancé's 17-year-old sons, and granted the Commonwealth's request to modify Shires' conditions of supervision by subjecting him to the Lycoming County APO Conditions, the Standard Special Conditions for Sex Offenders, and the Optional Special Conditions for Sex Offenders. **See** Order, 2/18/22 at 1.

Shires filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[7] Shires presents the following issues for our consideration:

> (1) Whether the trial court erred in granting the Commonwealth's request to modify conditions of [Shires']

---

[7] In his Rule 1925(b) statement Shires also included an issue regarding the admissibility of the summary and risk-assessment report admitted by the Commonwealth and considered by the trial court at the January 24, 2022 hearing. However, Shires has not included that issue in his appellate brief. Thus, we find it abandoned on appeal. **Commonwealth v. Dunphy**, 20 A.3d 1215, 1218 (Pa. Super. 2011) (issues raised in Rule 1925(b) statement not included in appellate brief are abandoned).

- 6 -

supervision and imposing special conditions for sex offenders[.]

(2) Whether the court erred in concluding that 42 Pa.C.S.A. § 9771(a) authorized the trial court to impose conditions of probation supervision when the Superior Court of Pennsylvania has previously stricken those same conditions[.]

Appellant's Brief, at 3.

Shires argues that because a prior panel of this Court struck the conditions that the trial court has essentially now reimposed, and because that panel concluded that such conditions "plainly are not germane to the sole court-imposed condition of probation, which merely required [Shires] to pay costs, fines," the court lacked the authority to reimpose those conditions where the Commonwealth did not allege that he had violated the terms of his probation and the court did not hold a probation revocation hearing.

An appeal challenging the statutory authority of the trial court to modify the conditions of probation presents a question of law, and thus our standard of review is *de novo* and our scope of review is plenary. **Cf. Commonwealth v. Concordia**, 97 A.3d 366, 373 (Pa. Super. 2014). An order placing a defendant on probation is not a judgment of sentence as that term is construed for the purposes of procedure. **See Commonwealth v. Nicely**, 638 A.2d 213, 216-17 (Pa. 1994). A probation order is conditional by its very nature and permits a court to alter its terms at any time. **Id.**

Pursuant to 42 Pa.C.S.A. § 9771(a):

(a) General rule. — **The court has inherent power to at any time** terminate continued supervision, lessen the conditions upon which an order of probation has been imposed or **increase the**

**conditions under which an order of probation has been imposed upon a finding that a person presents an identifiable threat to public safety.**

\* \* \*

**(d) Hearing required. — There shall be no** revocation or **increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation.** Probation may be eliminated or the term decreased without a hearing.

*Id.* (emphasis added).

Instantly, the trial court held the required hearing, pursuant to section 9771(d), before it added additional conditions to Shires' probation. At that hearing, the Commonwealth presented evidence that Shires presents an identifiable threat to public safety. *See id.* at § 9771(a). Specifically, the Commonwealth offered an August 2020 treatment summary and risk assessment report (Report), as well as a December 2021 discharge summary (Summary).[8] N.T. Motion to Modify Supervision Hearing, 1/24/22, at 27-30.

Section 9771(a) clearly states that the trial court has the *inherent power* to increase probation conditions "upon a finding that a person presents an

---

[8] Notably, both the Report and Summary post-date our Court's September 28, 2020 decision wherein we reversed the order revoking Shires' probation and imposing the three supervision conditions that he now challenges.

identifiable threat to public safety." 42 Pa.C.S.A. § 9771(a).[9] Here, the Report showed that Shires presents a high risk of re-offending and the Summary noted that Shires had been discharged, for the third time, from treatment without successfully completing sex offender counseling. In increasing Shires' probation conditions, the court noted that "the nature and circumstances of [Shires'] conviction, his history on supervision[,] and the reports authored by Destiny Meyers[, a forensic therapist,] established that subjecting [Shires] to additional probation conditions was appropriate in this case." Trial Court Opinion, 6/6/22, at 6. *Cf. Commonwealth v. Mayberry*, 2022 Pa. Super. Unpub. LEXIS 1492 (Pa. Super. filed June 29, 2022) (non-precedential decision)[10] (where trial court did not consider whether defendant presented "an identifiable threat to public safety," as required by section 9771(a), and court's opinion was "devoid of any factual findings" regarding such a threat, court was not permitted to impose additional probationary conditions under section 9771(a)). Under these circumstances, the trial court properly exercised its "inherent power" and added the three additional conditions to Shires' probation.

_____

[9] Section 9771(a) was amended, effective December 19, 2019, to add the "identifiable threat to public safety" language that was absent from its prior version. The court, however, increased Shires' conditions of probation in 2022 based upon the 2019 statutory language by looking to the Report and Summary to support its finding that he was an identifiable threat to public safety.

[10] *See* OP 65.37(B) (non-precedential decisions filed after May 1, 2019, may be cited for persuasive value); *see also* Pa.R.A.P. 126(b).

To the extent that Shires argues the instant conditions cannot be imposed upon him because they contravene our Court's prior September 2020 decision, we disagree. In that decision, the panel concluded that the conditions imposed **by the Board** were "not germane to the sole court-imposed conditions of [Shires'] probation, which merely required [him] to pay costs, fines, and restitution. Nor could one say they elaborate on or interpret this condition of probation." ***Shires***, 240 A.3d at 979 (emphasis added). ***See generally*** 61 Pa.C.S.A. §§ 6131(a)(5)(ii) (granting Board authority to establish and impose "conditions of supervision"); ***see also Commonwealth v. Elliott***, 50 A.3d 1284, 1292 (Pa. 2012) ("[A] trial court may impose conditions of probation in a generalized manner, and the Board or its agents may impose more specific conditions of supervision pertaining to that probation, **so long as those supervision conditions are in furtherance of the trial court's conditions of probation**.") (emphasis added).

Our Court reversed the order revoking Shires' probation because the Board was not authorized to impose the conditions he allegedly violated and, thus, he could not have violated such unauthorized conditions. Instantly, the **trial court** had the inherent power, pursuant to section 9771, to impose the conditions of probation Shires now challenges on appeal pursuant to section 9771(a), where a hearing was held and relevant evidence was received.[11]

---

[11] In fact, Shires' counsel acknowledged that the court had the inherent authority to impose such conditions. ***See*** N.T. Motion to Modify Supervision
*(Footnote Continued Next Page)*

- 10 -

Therefore, we find his claim meritless. ***See Commonwealth v. Houtz***, 982 A.2d 537, 539-40 (Pa. Super. 2009) (as long as conditions placed on probation are reasonable, it is within trial court's discretion to order them).

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2022

---

Hearing, 1/24/22, at 9 (counsel stating, "[I]n the event [the court was] going to reimpose conditions [of probation,]" he did not want the court to prevent Shires from having a relationship with his girlfriend's 17-year-old sons).

- 11 -