J-S24026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASMINE MARIAH KIRKLAND | : | No. 1344 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 2, 2023
In the Court of Common Pleas of Beaver County
Criminal Division at No(s):  CP-04-CR-0000558-2022

BEFORE:   BOWES, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY SULLIVAN, J.:      **FILED:  December 13, 2024**

The Commonwealth appeals from the order modifying a probation condition of Jasmine Mariah Kirkland ("Kirkland").  We dismiss the appeal as moot.

The relevant factual and procedural history of this case is as follows. The Commonwealth charged Kirkland with several offenses arising from her physical assault of her minor daughter, A.R., **see** Information, 5/17/22, and she ultimately pleaded guilty to simple assault and endangering the welfare of children ("EWOC").[1]  **See** Guilty Plea, 8/24/22.  Pursuant to a negotiated guilty plea, the trial court imposed, *inter alia*, a sentence of eighteen months of probation for the simple assault conviction, and a consecutive eighteen

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 2701(a)(1), 4304(a).

months of probation for the EWOC conviction.  **See** Sentence Order, 8/24/22.

A condition of each term of probation was that Kirkland "shall have no contact

with the victim, A.R[.] . . .."  **See id**.  In October 2023, Kirkland filed a motion

to modify the conditions of her probation.  **See generally** Motion to Modify

Terms of APO Supervision, 10/30/23.  Following a hearing that occurred in

November 2023, the trial court issued an order modifying Kirkland's probation

and striking the no-contact condition of her probation.  **See** Order, 11/2/23.

However, following a probation violation in this case, to which Kirkland

stipulated, the trial court imposed a term of incarceration on count six for sixty

days to eighteen months, with automatic parole at the expiration of the

minimum, and the "original terms and conditions remain[ing]."  **See** Violation

of Probation, 6/4/24 (directing as part of Kirkland's revocation sentence that

"[t]he original terms and conditions remain").  Kirkland is also now subject to

the same no-contact condition as part of her probationary sentence in a

separate criminal case.  **See** Docket Sheet, CP-04-CR-1958-2023, at 3

(showing that Kirkland pleaded guilty to endangering the welfare of children,

18 Pa.C.S.A. § 4304(a)(1), with the same and/or similar no-contact condition

as the matter before this Court).

For these reasons, this Court issued an order directing the

Commonwealth to show cause why this appeal should not be dismissed as

moot.  **See** Order, 10/8/24.  The Commonwealth has failed to comply with

this Court's order.  Because the probation condition the Commonwealth seeks

to have reimposed has in fact been imposed in this case as well as in another

case, and, indeed, the sentence the Commonwealth appealed from is no longer the operative sentence, we dismiss this appeal as moot. ***See Commonwealth v. Kelly***, 418 A.2d 387, 388 (Pa. Super. 1980) (stating that "a question raised on appeal may become moot by events which occur after the appeal was filed"); ***Commonwealth v. Nava***, 966 A.2d 630, 633 (Pa. Super. 2009) (stating that an "issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect"); ***Commonwealth v. Smith***, 486 A.2d 445, 447 (Pa. Super. 1984) (stating that "[b]ecause the existence of an actual controversy is essential to appellate jurisdiction, if, pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, the appeal will be dismissed"); ***Commonwealth v. Anthony***, 2024 WL 4003232 (Pa. Super. 2024) (unpublished memorandum).[2,3]

---

[2] Pursuant to Pa.R.A.P. 126(b), unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value.

[3] Even if the Commonwealth's appeal were not moot, it would be due no relief. An appeal challenging the statutory authority of the trial court to modify the conditions of probation presents a question of law, and thus our standard of review is *de novo* and our scope of review is plenary. ***See generally Commonwealth v. Dell***, 305 A.3d 613 (Pa. Super. 2023); ***Commonwealth v. Shires***, 287 A.3d 879 (Pa. Super. 2022) (unpublished memorandum at *3). It is beyond cavil that 42 Pa.C.S.A. § 9771(a)—which the Commonwealth does not discuss—confers jurisdiction on the trial court to modify probation conditions, ***see Commonwealth v. Nicely***, 638 A.2d 213, 217 (Pa. 1994), and, further, the plain statutory language of section 9771(a) grants a trial court the "inherent power to***[,] at any time***[,] . . . lessen the conditions upon which an order of probation has been imposed . . . ." 42 Pa.C.S.A. § 9771(a) (emphasis added). ***See also Shires***, 287 A.3d 879 (unpublished
*(Footnote Continued Next Page)*

Appeal dismissed.

Judgment Entered.

*[signature: Benjamin D. Kohler]*

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  12/13/2024

---

memorandum at *3).  Indeed, "[w]here, as here, the expiration of the 30-day modification period set forth in 42 Pa.C.S.[A.] § 5505 has passed, a trial court may only modify a defendant's terms of probation pursuant to section 9771." **Commonwealth v. Jennings**, 315 A.3d 64 (Pa. Super. 2024) (unpublished memorandum at *2); **see also Nicely**, 638 A.2d at 217.

The Commonwealth additionally argues that because the court imposed the probation condition pursuant to a negotiated guilty plea, the court was prohibited from modifying the condition in perpetuity.  However, this Court has affirmed modifications to probation conditions in plea contexts when sought both by defendants and the Commonwealth over the objections of the opposing party.  **See**, **e.g.**, **Shires**, 287 A.3d 879 (unpublished memorandum at *3-*4).  Further, the Commonwealth does not assert that an express term of the plea agreement precluded the parties from seeking modification of the probation conditions or the trial court from later exercising its inherent power to modify the conditions probation.  Importantly, the Commonwealth does not argue, in the alternative, that the trial court, if authorized to modify the condition of Kirkland's probation, abused its discretion by so modifying the condition.  **See generally** Commonwealth's Brief at 13-31; **cf**. **Commonwealth v. Laughman**, 314 A.3d 569, 571 (Pa. Super. 2024).

- 4 -