**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Len Allen GREEN, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 11, 2013.

Filed March 5, 2014.

Steve Rice, Gettysburg, for appellant.

Adam J. Barr, Assistant District Attorney, Gettysburg, for Commonwealth, appellee.

BEFORE: DONOHUE, J., OTT, J., and PLATT, J.*

OPINION BY PLATT, J.

Appellant, Len Allen Green, appeals from the judgment of sentence entered following his negotiated guilty plea to one count of theft by unlawful taking.[1] We vacate the order of the trial court and remand for resentencing.

On February 25, 2013, Appellant entered a negotiated guilty plea to the above-stated offense. The charge stems from Appellant's theft of several personal property items, including jewelry, artwork, and china, with an approximate total value of $99,152.00, from Diane Giambalvo's residence on November 7, 2011. On April 18, 2013, the trial court sentenced Appellant to a term of not less than eleven and a half nor more than twenty-three months' partial confinement, followed by three years' probation. The trial court ordered Appellant to pay Diane Giambalvo $98,552.00 in restitution. In addition, at the Commonwealth's request and over Appellant's objection, the court ordered Appellant to disclose the location(s) where he disposed of the stolen items as a condition of probation.[2]

On April 19, 2013, Appellant filed a post-sentence motion challenging the probation condition, arguing that it is an unconstitutional infringement on his right against self-incrimination. (See Trial Court Opinion, 7/25/13, at unnumbered page 1). The trial court denied the motion by order entered June 4, 2013. This timely appeal followed.[3]

Appellant raises one issue for our review:

I. Did the [trial] court err and abuse its discretion when it imposed a condition of probation that requires [Appellant] to disclose the location of items he took from the victim without appropriate Fifth Amendment safeguards?

(Appellant's Brief, at 4). .

█ An appeal challenging the legality of a probation condition presents a question of law. See Commonwealth v. Wilson, —— Pa. ——, 67 A.3d 736, 741 (2013). Therefore, our scope of review is plenary and our standard of review is de novo. See id.

In his sole issue on appeal, Appellant argues that the probation condition requiring him to disclose the location of the stolen items violates his Fifth Amendment right against self-incrimination. (See Appellant's Brief, at 12–17). Appellant acknowledges that the trial court imposed the condition to require disclosure of information regarding only the underlying offense, (see Appellant's Brief, at 16), but argues that such disclosure could lead to identification of the person to whom the items were sold, criminal investigations relating to other stolen items, and potential exposure to prosecution in other jurisdictions. (See id. at 14, 17). Relying on Minnesota v. Murphy, 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984), and Commonwealth v. Fink, 990 A.2d 751 (Pa.Super.2010), he contends that the con-

---

* Retired Senior Judge assigned to the Superior Court.

1. 18 Pa.C.S.A. § 3921(a).

2. See 42 Pa.C.S.A. § 9754(c)(13) (catchall provision authorizing imposition of "any" other conditions of probation reasonably related to the defendant's rehabilitation, so long as they are not "unduly restrictive" of the defendant's liberty or conscience).

3. Pursuant to the trial court's order, Appellant timely filed a Rule 1925(b) statement of errors on July 2, 2013. The trial court filed a Rule 1925(a) opinion on July 25, 2013. See Pa.R.A.P.1925.

dition is illegal and must be vacated. (*See id.* at 12–18). We agree.

The Fifth Amendment to the United States Constitution provides, in relevant part, that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. In *Murphy, supra,* the United States Supreme Court addressed the significance of the Fifth Amendment with regard to probationers, and stated that the Amendment applies not only at criminal trials, but in "any other proceeding, civil or criminal, formal or informal, where the answers might incriminate [the defendant] in future criminal proceedings." *Murphy, supra* at 426, 104 S.Ct. 1136 (citation omitted). In addition, "our Supreme Court has held that the protections afforded against self-incrimination by Article I, § 9 of the Pennsylvania Constitution provide no greater rights than the Fifth Amendment to the United States Constitution." *Commonwealth v. Shrawder,* 940 A.2d 436, 440 (Pa.Super.2007) (citing *Commonwealth v. Arroyo,* 555 Pa. 125, 723 A.2d 162, 166–67 (1999)).

In *Murphy, supra,* the defendant's sentence of probation included a condition that he participate in a sexual offenders' treatment program and report to his probation officer, being truthful "in all matters." *Murphy, supra* at 422, 104 S.Ct. 1136. During a meeting with his probation officer, the defendant admitted to committing a rape and murder. *See id.* at 424, 104 S.Ct. 1136. The state then indicted him for those crimes, and the defendant unsuccessfully sought suppression of his confession. *See id.* at 425, 104 S.Ct. 1136. The United States Supreme Court analyzed whether the defendant's Fifth Amendment right was violated by the admission into evidence at trial of the statements he made to his probation officer. *See id.* at 426, 104 S.Ct. 1136. The Court

concluded that, since the defendant voluntarily revealed incriminating information instead of timely asserting his Fifth Amendment privilege, his disclosures were not compelled incriminations. *See id.* at 440, 104 S.Ct. 1136. However, the Court explained:

> the nature of probation is such that probationers should expect to be questioned on a wide range of topics relating to their past criminality. . . .
>
> \*     \*     \*
>
> A state may require a probationer to appear and discuss matters that affect his probationary status; such a requirement, without more, does not give rise to a self-executing privilege. **The result may be different if the questions put to the probationer, however relevant to his probationary status, call for answers that would incriminate him in a pending or later criminal prosecution. There is thus a substantial basis in our cases for concluding that if the state, either expressly or by implication, asserts that invocation of the privilege would lead to revocation of probation, it would have created the classic penalty situation,** the failure to assert the privilege would be excused, and the probationer's answers would be deemed compelled and inadmissible in a criminal prosecution.
>
> \*     \*     \*
>
> Our decisions have made clear that [a] State c[an] not constitutionally carry out a threat to revoke probation for the legitimate exercise of the Fifth Amendment privilege.

*Id.* at 432, 435, 438, 104 S.Ct. 1136 (emphasis added, footnote omitted). The *Murphy* Court also noted that a state may validly insist on answers even to incriminating questions as long as it recognizes that the required answers may not be used in a

criminal proceeding, thus eliminating the threat of incrimination. *See id.* at 435 n. 7, 104 S.Ct. 1136.

In *Fink, supra,* the defendant was required to participate in a sex-offender counseling program as a condition of his parole and probation. *See Fink, supra* at 753. He was discharged from the counseling program following his refusal to complete a disclosure questionnaire that made specific inquiries about his past sexual conduct, without regard to whether that conduct had resulted in criminal charges. *See id.* The questionnaire asked for information regarding prior sexual assaults, but did not require disclosure of the victims' names. *See id.* at 756. The trial court determined that the required disclosures did not compel the defendant to provide any information that could be used against him in a subsequent criminal trial, and treated his refusal to answer the questionnaire as grounds for revoking his probation. *See id.* at 757. The defendant appealed, and this Court held that the revocation of the defendant's probation and parole based on his refusal to complete the questionnaire violated his privilege against self-incrimination. *See id.* at 761. The *Fink* Court stated that there are limits to the information that may be sought from probationers, explaining:

> Assuming that the questions posed relate to the underlying offense for which an offender has been sentenced[,] they must also refrain from seeking information that could be used against [the offender] in a subsequent criminal trial[.] Should the Commonwealth choose to elicit such information nonetheless, it may do so only upon express recognition of the privilege against self-incrimination; an offender who refuses to answer questions bearing on criminal conduct other than that underlying his probation or parole must do so assured of the constitutional imperative that his answers will not subject him to prosecution or render him in violation of the conditions of his current sentence.

In this regard, assurances of confidentiality as were offered here by witnesses who administer sex offender counseling on the Commonwealth's behalf, although no doubt well-intended, are constitutionally inadequate. Our Courts have long recognized that if an individual possesses **reasonable** cause to apprehend danger of prosecution, it is not necessary that a **real** danger of prosecution exist to justify the exercise of the privilege against self incrimination. **Moreover, the privilege extends not only to the disclosure of facts which would in themselves establish guilt, but also to any fact which might constitute an essential link in a chain of evidence by which guilt can be established.** Should an offender assert the privilege against self-incrimination in response to questions an honest answer to which would reveal such information, his claim may be overruled only upon a determination by the court that in view of the totality of the circumstances, it is perfectly clear that the witness is mistaken in the apprehension of self-incrimination and the answer demanded cannot possibly have such a tendency....

... Regardless of the assertion so often repeated at [the defendant's] probation violation hearing, that offenders were told not to disclose personally identifiable information, the [q]uestionnaire refrains only from asking the names of the victims of putative offenses the Commonwealth might readily investigate—and prosecute.

*Id.* at 760–61 (citations, quotation marks and footnote omitted) (some emphasis in original; some emphasis added).

Here, the trial court found that compelled disclosure of the location of the stolen items as a condition of Appellant's probation did not violate his right against self-incrimination because Appellant had already pleaded guilty to theft, and disclosure of the items' location would not further incriminate him in this case. (*See* Trial Ct. Op., at unnumbered page 4). However, as emphasized by this Court in *Fink,* the information at issue need not be such as "would in [itself] establish guilt," but only such as "might constitute an essential link in a chain of evidence by which guilt can be established." *Fink, supra* at 760 (citations omitted).

We agree with Appellant that compelled disclosure of the location(s) of the victim's numerous valuable property items might well lead to additional incriminating information, criminal investigations, and prosecutions. Thus, it is not "perfectly clear that [Appellant] is mistaken in the apprehension of self-incrimination." *Id.* To the contrary, we conclude that Appellant "possesses reasonable cause to apprehend danger of prosecution ... to justify the exercise of the privilege against self incrimination." *Id.* (emphasis and citations omitted). Further, in imposing the condition, the trial court did not "recognize[ ] that the required [disclosures] may not be used in a [subsequent] criminal proceeding[,] thus eliminate[ing] the threat of incrimination." *Murphy, supra* at 435 n. 7, 104 S.Ct. 1136; *see also Fink, supra* at 760.

Based on the foregoing, we conclude that the trial court improperly ordered Appellant's non-immunized disclosure of the location of the stolen items as a condition of his probation. Accordingly, we vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated; case remanded for resentencing in accordance with this opinion; jurisdiction relinquished.