J-A14012-23

2023 PA Super 236

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :          PENNSYLVANIA
                              :
         v.                   :
                              :
                              :
                              :
WILLIAM R. DELL               :
                              :
         Appellant            :  No. 2091 EDA 2022

Appeal from the Order Entered July 8, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0408011-2006

BEFORE:  PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

OPINION BY PANELLA, P.J.:            **FILED NOVEMBER 14, 2023**

William Dell appeals the Philadelphia County Court of Common Pleas'
order granting the 2022 request of the Pennsylvania Board of Probation
and Parole ("PBPP") to add three conditions to Dell's probation, which was
imposed in 2008. Dell argues on appeal that the trial court lacked a legal
basis for entering this order modifying his probation. Both the trial court
and the Commonwealth agree with Dell, as do we. We therefore vacate
the order, and remand for proceedings consistent with this opinion.

In 2007, Dell was convicted of sexual abuse of children and related
offenses after a bench trial. The trial court sentenced Dell in 2008 to five
to ten years' incarceration, followed by five years of probation. The
conditions of Dell's probation were that he: (1) be supervised by the Sex

Offender's Unit and (2) register as a sex offender and comply with Megan's Law. **See** Sentencing Order, 5/23/2008, at 1-2.

Dell began serving his probation on August 18, 2018. On June 23, 2022, the PBPP filed a letter requesting the trial court to hold a hearing pursuant to 42 Pa. C.S.A. § 9771 and add three new conditions to Dell's probation. The three proposed conditions were: 1) "Standard and Optional Special conditions for Sex Offenders with a minor victim;" 2) "Any condition issued by PBPP;" and 3) "Use of GPS monitoring when PBPP staff deem appropriate." PBPP Letter, 6/23/2022 (single page).

The court held a hearing on the matter on July 8, 2022. There was no evidence presented at the hearing regarding Dell's conduct while on probation. Nonetheless, the trial court granted PBPP's request and issued an order adding the three conditions to Dell's probation. **See** Order Granting Motion to Modify Conditions of Probation, 7/8/2022 (single page).

Dell filed a motion for reconsideration, which the trial court denied. Dell then filed a timely notice of appeal and complied with the court's directive to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. In his statement, Dell argued, *inter alia*, that the court erred by entering an order modifying his probation to include the three PBPP-requested conditions without finding Dell violated a specific condition of his probation or presented a threat to public safety pursuant to 42 Pa. C.S.A. § 9771. The trial court agreed with Dell in its responsive Rule

1925(a) opinion, and asked this Court to vacate its order imposing the additional probation conditions. On appeal, Dell raises the following two issues:

> A. Did not the trial court err and abuse its discretion by increasing the terms of [Dell's] probation where the court failed to meet the requirements of 42 Pa.C.S.A. § 9771 and otherwise lacked authority to modify [Dell's] sentence more than 30 days after sentencing?

> B. Did not the trial court err and abuse its discretion by delegating responsibility for setting the specific terms of [Dell's] probation to the [PBPP]?

Appellant's Brief at 3 (trial court's answers omitted).

Dell first argues the trial court erred by adding new conditions to his probation without complying with Section 9771. We, like the trial court, agree with Dell.

After the thirty-day modification period provided by 42 Pa. C.S.A. § 5505 has passed, as there is no dispute it did here, a trial court may only modify a probationer's terms of probation pursuant to Section 9771, which provides in relevant part:

> **(a) General Rule.**-- The court has inherent power to at any time terminate continued supervision, lessen the conditions upon which an order of probation has been imposed or increase the conditions under which an order of probation has been imposed upon a finding that a person presents an identifiable threat to public safety.

> **(b) Revocation.--** The court may increase the conditions … of probation upon proof of the violation of specified conditions of the probation.
> …

(**d) Hearing required.--** There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation.

42 Pa. C.S.A. § 9771.

As indicated above, the trial court acknowledged in its Rule 1925(a) opinion that the hearing it held in this case did not meet the requirements of Section 9771. It explained:

> The legal basis for the PBPP to seek to increase or modify the terms of [Dell's] probation would be for [the] PBPP to present evidence that [Dell] violated the specific conditions of his probation, or that [Dell] presents an identifiable threat to public safety, or present evidence of the conduct of [Dell] while on probation. **See** 42 Pa.C.S.A. § 9771. The PBPP did not present, or offer to present, any such evidence.

Trial Court Opinion, 12/16/2022, at 5.

The court then concluded that its order must therefore be vacated.

**See id.** We agree, and note that the Commonwealth does as well:

> [N]o evidence was presented [at the hearing] regarding [Dell's] conduct while on probation, and the court made no findings that [Dell] either violated a condition of his probation or presented an identifiable threat to public safety. The trial court therefore had no basis for increasing the conditions of probation after the hearing [and its order doing so should therefore be vacated].

Commonwealth's Brief at 5.

Based on the above, we must vacate the trial court's order increasing the terms of Dell's probation, and we remand to the trial court

for proceedings consistent with this memorandum. Given this disposition, we need not address Dell's second issue on appeal.

Order vacated and matter remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/14/2023