J-S27041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY LEE MITCHELL | : | |
| | : | |
| Appellant | : | No. 1153 MDA 2022 |

Appeal from the PCRA Order Entered August 9, 2022
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0004779-2016

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:              **FILED FEBRUARY 28, 2024**

Anthony Lee Mitchell ("Mitchell") appeals *pro se* from the order granting in part and dismissing in part the petition he filed pursuant to the Post Conviction Relief Act ("PCRA").[1]   Additionally, Mitchell has filed three applications for remand or relief.  We vacate the order, remand this matter for further proceedings consistent with this decision, and dismiss Mitchell's applications as moot.

We summarize the factual history and procedural history of this appeal from the record.  Mitchell pleaded guilty to unlawful contact of a minor, graded as a second-degree felony, and in August 2018, the trial court sentenced him to one to two years of imprisonment to be followed by two years of probation.  Mitchell apparently completed the maximum term of his imprisonment and was released on probation in August 2020.  Several days later, the

_____

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

Commonwealth took Mitchell into custody and filed a petition to revoke his probation, alleging that he failed to secure an approved residence and participate in a recommended sexual offender treatment class while in prison.[2] On September 9, 2020, the trial court held a violation of probation ("VOP") hearing, revoked Mitchell's probation, and resentenced him to one to four years of imprisonment ("the VOP sentence"). Mitchell did not file a motion to modify, or an appeal from, the VOP sentence.

In March 2022, the PCRA court received Mitchell's *pro se* "Motion for Jail Credit and/or Petition for Post Conviction Collateral Relief" ("the March 2022 petition"). Mitchell's *Pro Se* Petition, 3/8/22. Therein, Mitchell claimed that the trial court failed to award him credit for the two years he served in prison on his original sentence and the thirty days in August and September 2022 he spent in custody before the imposition of the VOP sentence. ***See id***. at ¶ 11. He also asserted his claim for sentencing credit fell within an exception to the

_____

[2] While Mitchell was serving his sentence, the trial court, in November 2018, granted a request by the Pennsylvania Board of Probation and Parole ("the Board") to modify the terms of Mitchell's probation or parole to include additional special sexual offender conditions. Mitchell apparently signed a form acknowledging the modified conditions. However, it is unclear from the record whether the trial court held a hearing to consider the Board's request to modify the terms of Mitchell's probation or parole. ***See Commonwealth v. Dell***, 305 A.3d 613, 615 (Pa. Super. 2023) (holding that when more than thirty days have passed after sentencing, increases in the conditions of a probationary sentence are subject to 42 Pa.C.S.A. § 9771).

PCRA time bar because he did not receive a copy of the VOP sentencing order. ***See id***. at ¶¶ 12-15.[3]

James W. Barr, Esquire ("Attorney Barr") entered a limited appearance on behalf of Mitchell to "prepare and present a parole petition or similar document." ***See*** Entry of Appearance, 3/25/22 (some capitalization omitted). The PCRA court also appointed separate PCRA counsel ("appointed PCRA counsel"). Appointed PCRA counsel moved to withdraw after discovering Attorney Barr's entry of appearance and apparently confirming with Attorney Barr that Attorney Barr would act as Mitchell's PCRA counsel. ***See*** Motion to Withdraw, 6/28/22, at ¶¶ 2-3. The court granted appointed PCRA counsel leave to withdraw, noting that Attorney Barr had entered an appearance for Mitchell. ***See*** Order 6/29/22, at 1. The Commonwealth filed an answer to the March 2022 petition and asserted Mitchell failed to timely file the petition pursuant to the PCRA.[4] Attorney Barr did not file an amended PCRA petition or a written response to the Commonwealth's answer.

---

[3] As discussed below, the March 2022 petition must be regarded as a PCRA petition, Mitchell's first following the VOP sentence.

[4] It is well settled that under the PCRA, any petition must be filed within one year of the date on which the judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. ***See*** 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa.
*(Footnote Continued Next Page)*

Attorney Barr appeared at hearing, at which Mitchell participated by video. Attorney Barr referenced, without any additional argument or comment, the Commonwealth's answer that the March 2022 petition was untimely and highlighted Mitchell's *pro se* assertions that he did not receive a copy of VOP sentencing order. **See** N.T., 8/9/22, at 2-3. Attorney Barr also argued that the Commonwealth agreed to partial relief in the form of thirty days credit, and the Commonwealth conceded that point. **See id.** at 4.

The PCRA court determined that the March 2022 petition was untimely filed and Mitchell should have known at the time of sentencing that the court failed to award credit on the VOP sentence. **See id**. at 3. Despite its findings that it lacked jurisdiction to grant relief under the PCRA, the court elected to award Mitchell thirty days of credit toward the VOP sentence. **See id**. at 5-6. The court entered an order memorializing its rulings on August 9, 2022.[5] Mitchell timely filed a *pro se* notice of appeal.

A convoluted series of procedures ensued, during which Mitchell filed, or attempted to file, at least five Pa.R.A.P. 1925(b) statements, either through

_____

2010). Here, the VOP sentence became final on October 9, 2020, when he did not take a  direct appeal, and Mitchell thus had until October 11, 2021 to file a facially timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1), (3); **see also** 1 Pa.C.S.A. § 1908. However, Mitchell filed the March 2022 petition nearly five months late. Therefore, Mitchell's March 2022 petition was facially untimely, and Mitchell bore the burden of pleading and proving one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1). **See Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013).

[5] The clerk of the court separately docketed the August 9, 2022 order as dismissing Mitchell's PCRA petition and granting a motion for jail credit.

counsel or *pro se*, and which culminated in the PCRA court holding a **Grazier** hearing,[6] permitting Mitchell to proceed *pro se* in this appeal, but denying Mitchell's request to file another amended *pro se* Rule 1925(b) statement. **See** Order, 1/19/23, at 1; Order 4/19/23, at 1. Mitchell has filed an appellant's brief, a supplemental brief, and three applications for remand or relief.[7]

Before addressing Mitchell's appellate issues, we note that the March 2022 petition, which Mitchell filed *pro se*, challenged the VOP sentence and raised a cognizable claim under the PCRA. **See Commonwealth v. Fowler**, 930 A.2d 586, 592, 595 (Pa. Super. 2007) (noting that challenges to VOP proceedings and the failure to award sentencing credits are cognizable under the PCRA). Moreover, this was Mitchell's first such petition, and he therefore had a rule-based right to counsel. **See Commonwealth v. Bates**, 272 A.3d

---

[6] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[7] In his appellant's brief, Mitchell sought reinstatement of his right to appeal the VOP sentence, asserted that the March 2022 petition should have been regarded as timely filed under the PCRA, and Attorney Barr was ineffective. **See** Mitchell's Brief at 4. In his supplemental appellant's brief, Mitchell asserted the PCRA court erred in refusing to allow him leave to file an amended Rule 1925(b) statement. **See** Mitchell's Supplemental Brief at 1.

Mitchell's applications before this panel include: (1) requests for remand to supplement the record, allow him to file an amended Rule 1925(b) statement, and have counsel appointed, **see** Application for Remand, 5/5/23, at 15-16; (2) a request to have the matter submitted without an appellee's brief or to direct service of the appellee's brief, **see** Application for Relief, 7/20/23, at ¶¶ 12-13; and (3) a request to file a reply brief, **see** Application for Relief, 8/7/23, at ¶ 8.

984, 988 (Pa. Super. 2022); **see also** Pa.R.Crim.P. 904(C). That right to counsel applied even if the underlying PCRA petition was facially untimely. **See Commonwealth v. Perez**, 799 A.2d 848, 851-52 (Pa. Super. 2002).

The right to counsel requires more than the mere designation of an attorney as PCRA counsel. **See id**. at 852. The petitioner is entitled to the effective assistance of counsel. **See Commonwealth v. Bradley**, 261 A.3d 381, 391 (Pa. 2021). PCRA counsel has clear duties with respect to a *pro se* PCRA petition and must either (1) amend the *pro se* petition and present the petitioner's claims in acceptable legal terms or (2) certify that the claims lack merit by complying with the procedures for withdrawing from representation. **See Commonwealth v. Cherry**, 155 A.3d 1080, 1083 (Pa. Super. 2017). "The guidance and representation of an attorney during collateral review ensures that meritorious legal issues are recognized and addressed, and that meritless claims are abandoned." **See Bradley**, 261 A.3d at 391.

Following our review of the record, we are not convinced that the PCRA court afforded Mitchell the full benefit of his right to PCRA counsel. After Mitchell filed the March 2022 petition *pro se*, Attorney Barr entered an appearance but expressly stated that the scope of his representation was limited to seeking parole or related matters. **See** Entry of Appearance, 3/25/22. The PCRA court attempted to appoint separate PCRA counsel but ultimately did not do so because Attorney Barr had entered an appearance. The record, however, is devoid of any meaningful inquiry into the actual scope of Attorney Barr's private representation. Even if Attorney Barr represented

Mitchell as PCRA counsel, he took no action to amend the March 2022 petition or respond to the Commonwealth's answer, and he merely appeared at a hearing on Mitchell's behalf. At that hearing, Attorney Barr only recited Mitchell's *pro se* attempts to avoid the PCRA time bar and did not substantively address the timeliness of the March 2022 petition, any possible exceptions to the PCRA time bar, or any other claims Mitchell might have intended to raise in the PCRA proceeding. *See* N.T., 8/9/22, at 2-4.

Based on this record, we cannot conclude that Mitchell had the benefit of meaningful representation for the litigation of a first PCRA petition. *See Perez*, 799 A.2d at 851-53; *see also Cherry*, 155 A.3d at 1083. Rather, consistent with his limited entry of appearance, Attorney Barr only discussed issues related to Mitchell's parole from the VOP sentence. Attorney Barr did not meaningfully consider the timeliness of Mitchell's PCRA petition or certify to the court that he believed there were no meritorious timeliness exceptions or issues for review. Therefore, we vacate the PCRA court's order and remand for the court to determine whether Mitchell is indigent and the court should appoint new PCRA counsel. *See Perez*, 799 A.2d at 851-53; Pa.R.Crim.P. 904(C). If appointed by the court or obtained by Mitchell, new PCRA counsel shall consider all PCRA claims Mitchell intends to raise with respect to his September 2020 VOP sentence, but as threshold matter, counsel must consider whether Mitchell can state a PCRA time-bar exception to invoke the PCRA court's jurisdiction to consider his claims. *See Perez*, 799 A.2d at 853 (noting that "counsel appointed to assist an indigent petitioner on an

apparently untimely PCRA petition must at least investigate whether the petition is indeed untimely, and if so, whether the petition fits one of the exceptions to the PCRA's timeliness provisions"). PCRA counsel shall thereafter present the petitioner's intended claims in acceptable legal terms or certify that the claims lack merit by complying with the procedures for withdrawing from representation. *See Cherry*, 155 A.3d at 1083.[8] If, following a *Grazier* hearing, the court determines Mitchell intends to proceed *pro se*, it shall afford Mitchell an opportunity to set forth his arguments concerning the timeliness of his petition and his PCRA claims. In light of our disposition, we need not address the merits of Mitchell's several applications for relief and deny them as moot.

Order vacated. Case remanded with instructions. All outstanding applications denied as moot. Jurisdiction relinquished.

---

[8] We also note that it appears that the window for Mitchell's eligibility to litigate PCRA claims from the VOP sentence is dwindling as he will likely not be serving his VOP sentence after September 2024. *See* 42 Pa.C.S.A. § 9543(a)(1)(i) (stating that to be eligible for PCRA relief, a petitioner must be currently serving a sentence of imprisonment, probation, or parole for a crime). Accordingly, we direct the PCRA court to expedite this matter for further consideration upon remand.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>02/28/2024</u>