J-S25026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WESLEY AARON RETZLER | : | |
| | : | |
| Appellant | : | No. 2981 EDA 2023 |

Appeal from the Order Entered October 17, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004853-2022

BEFORE: DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED OCTOBER 17, 2024**

Wesley Aaron Retzler appeals from the order modifying his probation to include a condition of no contact with the victims. We affirm.

On February 16, 2023, Retzler entered a plea of *nolo contendere* to numerous counts of stalking, harassment, and disorderly conduct.[1] The charges stemmed from Retzler's ongoing harassment against his neighbors, the Marano family. Retzler was alleged to have stood on their fence line staring at the family's children, made offensive and threatening comments to the family, entered their yard, attempted to file false police complaints and ordinance violations against the family, and took pictures of the family and its visitors' cars. *See* Affidavit of Probable Cause, filed 8/12/22, at 1. Retzler was

---

[1] 18 Pa.C.S.A. §§ 2709.1(a)(1), 2709(a)(2), 5503(a)(4), respectively.

sentenced in total to two years' probation, with the condition to not have contact with the Marano family.

On May 2, 2023, the Bucks County probation department filed a praecipe for technical probation/parole violation ("VOP") hearing against Retzler. Following a ***Gagnon II*** hearing, Retzler was found to be in violation of his probation. The court sentenced Retzler to one year probation and ordered him to complete a mental health examination. N.T., 7/21/24, at 11. No additional conditions were imposed but the court emphasized to Retzler that he could not continue to intentionally harass his neighbors. ***Id.*** at 9.

On September 18, 2023, the Commonwealth filed a petition to modify the order of probation to include a special condition of no contact with the Marano family. At a hearing on the petition, Retzler's neighbor, Dominic Marano, testified that Retzler was continuing to harass his family on a daily basis, and the harassment was "getting worse." N.T., 10/17/23, at 5-6. He testified that Retzler continuously gives him and his security camaras "the finger," videotapes his property, and threatens him on his security cameras by saying "one day I'm going to be waiting for you." ***Id.*** Marano stated that Retzler had been found guilty of harassment against Marano's family in district court a week prior and had already resumed recording the family with his phone. ***Id.*** at 6-7.

Retzler's probation officer, Vanessa Gillespie, also testified. She stated that Marano sends her videos three to four times a week showing Retzler walking by, giving Marano the finger, and harassing the victims. ***Id.*** at 9.

The trial court granted the Commonwealth's request to add no contact with the victims to Retzler's VOP sentence conditions. *Id.* at 14. The court explained that it was an oversight that the court did not impose a no-contact condition after its probation violation sentence on July 21, 2023, pointing out that it had included a no-contact order in its original sentence. *Id.* This appeal followed.

Retzler presents two issues:

A. Did the trial court err in increasing the conditions of [Retzler's] probation where the court failed to meet the requirements of 42 Pa.C.S.[A.] § 9771, specifically, the court increased the conditions of [Retzler's] probation without a finding that [Retzler] presented an identifiable threat to public safety or without proof that [Retzler] had violated specific conditions of probation, and the trial court otherwise lacked authority to modify [Retzler's] sentence more than 30 days after sentencing.

B. Did the trial court err in increasing the conditions of [Retzler's] probation where the Commonwealth failed to introduce sufficient evidence that [Retzler] presented an identifiable threat to public safety?

Retzler's Br. at 4.

We address Retzler's two issues together as they are related. Retzler argues that the trial court erred when it modified the order of probation to include a special condition of no contact. *Id.* at 10. He maintains that since the 30-day post-sentence modification period provided by 42 Pa.C.S.A. § 5505 had passed, the court could only modify the terms of his probation pursuant to 42 Pa.C.S.A. § 9771(a), which requires a finding that he presented "an identifiable threat to public safety." Retzler's Br. at 10-11. Retzler asserts that

because the court did not make the requisite finding that he presented an identifiable threat to public safety, the court unlawfully increased the conditions of his probation. *Id.* at 13-14. Retzler emphasizes that because he did not have a weapon and none of the alleged conduct was physical, the Commonwealth failed to produce sufficient evidence he was an identifiable threat. *Id.* at 17.

"An appeal challenging the legality of a probation condition presents a question of law." ***Commonwealth v. Green***, 87 A.3d 336, 337 (Pa.Super. 2014). "[O]ur scope of review is plenary and our standard of review is *de novo*." ***Id.***

A court may modify any order within 30 days after its entry if no appeal from such order has been taken or allowed. ***See*** 42 Pa.C.S.A. § 5505. After the 30-day modification period allotted by Section 5505 has passed, a trial court "may only modify a probationer's terms of probation pursuant to Section 9771." ***Commonwealth v. Dell***, 305 A.3d 613, 615 (Pa.Super. 2023). Section 9771 provides, in relevant part:

> **(a) General rule.--** The court has inherent power to at any time terminate continued supervision, lessen the conditions upon which an order of probation has been imposed or increase the conditions under which an order of probation has been imposed upon a finding by clear and convincing evidence that a person presents an identifiable threat to public safety.
>
> **(b) Revocation.--** The court may increase the conditions . . . of probation upon proof of the violation of specified conditions of the probation.

\*\*\*

**(d) Hearing required.--** There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation.

42 Pa.C.S.A. § 9771.

Here, in modifying the probation order to include a condition of no contact with the victims, the trial court found that Retzler presented an identifiable threat to public safety. The court explained:

> [T]he harassing behavior recounted by [Marano] and probation officer at the hearing on the [p]etition was the exact behavior that this court had previously warned [Retzler] would violate his probation. [Retzler] had recently been convicted in District Court of summary harassment, which was a violation of the terms of his supervision (although the court again noted the October 17, 2023, hearing was for the [p]etition requesting no contact). Therefore, there was proof presented at the hearing on the [p]etition that [Retzler] both "presents an identifiable threat" to his neighbors and that he repeatedly violates an implied probation condition not to commit further crimes – harassing the victims and threatening "one day I'm going to be waiting for you." Based on that testimony, this court had the legal authority to increase the conditions of probation by adding the no contact order as a condition of [Retzler's] July 21, 2023, VOP sentence.

Trial Court Opinion, filed 12/21/23, at 4-5 (citations omitted).

The court did not err. The court held the hearing required under Section 9771(d) before it added the condition to Retzler's probation. At that hearing, the Commonwealth presented the testimony of Retzler's neighbor and probation officer, both of whom testified that Retzler continues to harass his neighbors, make obscene gestures to them and their cameras, and make statements such as "one day I'm going to be waiting for you." In making its

decision, the court considered "the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation," in accordance with Section 9771(d). The evidence was sufficient for the court to conclude that Retzler presented an identifiable threat to public safety under Section 9771(a). The trial court properly exercised its inherent power under Section 9771(a) when it added the additional condition of no contact with the victims to Retzler's probation.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/17/2024