J-A01019-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN JAMES KRAEBER | : | |
| | : | |
| Appellant | : | No. 373 EDA 2025 |

Appeal from the Order Entered December 3, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001647-2019

BEFORE:  DUBOW, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.:               **FILED APRIL 29, 2026**

Justin Kraeber appeals from the order granting the Commonwealth's request to modify the conditions of his probation.  He claims that the trial court improperly increased his conditions of probation before his sentence started and without sufficient evidence of his conduct while on probation.  Upon review, we affirm.

Briefly, this case arises from the following.  Kraeber was arrested and charged with multiple sex related offenses for wanting to have sex with his 4-year-old daughter, talking to her about it, and then carrying it out (Case No. 2199 of 2018 ("prior case")).

While on bail in that case, Kraeber was arrested and charged with distribution of obscene material, and sexual intercourse with an animal.[1]

---

[1] 18 Pa.C.S.A. §§ 5903(a)(2) and 3129.

These charges were based on Kraeber engaging in oral sex and masturbating with his dog, recording his actions, and transmitting the video (Case No. 1647 of 2019 ("instant case")).

On December 3, 2019, Kraeber pled guilty in both cases. The trial court ordered a sexually violent predator ("SVP") assessment. The sexual offender assessment board determined that Kraeber did not meet the requirements to classify him as an SVP. However, the evaluator determined that Kraeber suffered from other mental disorders.

On March 24, 2020, the trial court sentenced Kraeber in both cases. In the prior case, the court sentenced Kraeber to 21 to 72 months' incarceration in a state correctional institution, classified him as a Tier 1 Offender under the Sex Offender Registration and Notification Act ("SORNA") 42 Pa.C.S.A. §§ 9799.10 - 9799.75, credited him 470 days for time served, required him to undergo a drug and alcohol evaluation, directed him to make his sex offender evaluation available to authorities, and prohibited him from contacting the victim and having unsupervised contact with children.

In the instant case, the court sentenced Kraeber to two years' probation, to run consecutively to the sentence imposed in the prior case. The court further ordered Kraeber to serve his probation "under and subject to the rules and regulations of the probation or parole office that will supervise his release" ("original sentence").

Years later, on May 15, 2024, after serving almost all of his maximum, Kraeber was paroled in the prior case. During that time, the Monroe County

Probation Department asked the Pennsylvania Board of Probation and Parole ("PBPP") to accept supervision of Kraeber's consecutive period of probation in the instant case. The PBPP agreed to accept the matter as a special probation case, but, given Kraeber's convictions, his Tier 1 sex offender status, and his failure to complete outpatient sex offender treatment while on parole, the PBPP conditioned its supervision on the addition of its sex offender conditions to his sentence of probation.

Consequently, on December 2, 2024, the Commonwealth filed a motion to modify the terms of Kraeber's probation to add the PBPP's conditions to Kraeber's probation. On December 3, 2024, without a hearing or argument, the trial court issued an order granting the Commonwealth's motion ("amended sentence"). That same day, Kraeber filed a motion for reconsideration, claiming the court's order violated 42 Pa.C.S.A. section 9771 and due process. Specifically, Kraeber maintained that the court erred in adding the conditions without a hearing and before his probationary sentence began. Therefore, he asked the court to vacate its order. The court scheduled the reconsideration motion for a hearing.

On December 10, 2024, Kraeber completed his sentence in the prior case. Kraeber's consecutive sentence of probation in the instant case started the next day December 11, 2024. That same day, the trial court held a hearing on Kraeber's motion for reconsideration.

At the hearing, Kraeber's parole agent testified that the PBPP has a policy of requiring a sex offender to follow its sex offender protocol, and thus,

requested that the standard sex offender conditions be attached to Kraeber's probation for the PBPP to supervise him. The parole agent further testified that, during his parole in the prior case, Kraeber accessed social media in violation of his parole conditions and he failed to successfully complete outpatient sex offender treatment. The agent testified that this presents a risk to public safety and risk of re-offense. Therefore, PBPP required imposition of these conditions. In response, Kraeber argued that it was not necessary to add all these conditions at that point in time; instead, the county probation department could supervise him with the addition of certain conditions to his probation.

On January 22, 2025, the court denied Kraeber's motion ("reconsideration order"). Additionally, the court stated that the conditions referenced in the December 3, 2024, order were the PBPP's sex offender conditions which he had already signed when he was paroled in the prior case.

On February 4, 2025, Kraeber filed the instant appeal. He and the trial court complied with Appellate Rule 1925. Kraeber raises the following two issues:

> 1. Whether this court has jurisdiction to hear the appeal filed February 4, 2025, particularly in light of the date of the [trial court's reconsideration order] on January 22, 2025, the trial court's failure to advise about appellate deadlines, and the trial court's failure to conduct a hearing prior to issuing its [] amended sentencing order on December 3, 2024?

> 2. Whether the [trial] court erred when it anticipatorily increased the conditions of probation, before probation had begun, and where the Commonwealth failed to meet the standard articulated in 42 Pa.C.S.A. § 9771, which requires the [c]ourt to first

- 4 -

examine, among other things, "evidence of the conduct of the defendant while on probation"?

Kraeber's Brief at 5 (excessive capitalization omitted).

As Kraeber raises in his first issue, preliminarily we must determine whether his appeal is timely.[2] "We lack jurisdiction to consider untimely appeals." *Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015) (citation omitted).

Kraeber argues that his appeal lies from the January 22, 2025 order, not the December 3, 2024 order, as the latter actually specified the conditions of his probation, thereby modifying his sentence a second time. Because Kraeber filed his appeal within 30 days of the January order, he claims his appeal was timely. Kraeber's Brief at 16.

Alternatively, he argues that there was a rule-based breakdown in court proceedings because the court did not advise Kraeber of his post-sentence rights when it issued the amended judgment of sentence. He also argues that there was a statutory-based breakdown when the court failed to hold a hearing on the Commonwealth's motion to modify his probation without giving Kraeber an opportunity to respond; this extraordinary circumstance violated Kraeber's fundamental due process rights. Therefore, if his appeal is untimely, it is excused. *Id.* at 18, 20.

_____

[2]This Court issued an order directing Kraeber to show cause why his appeal should not be quashed as untimely. Following his response, we discharged the rule and deferred the matter to the merits panel.

The Commonwealth disagrees. Specifically, the Commonwealth argues that Kraeber's appeal lies from the December 3, 2024 amended order which modified the terms of his original sentence of probation; the reconsideration order merely clarified the terms of probation. Commonwealth's Brief at 10-11. The Commonwealth further argues that, even if the trial court did not inform Kraeber of Kraeber's post-sentence rights, counsel could have advised Kraeber of his right to appeal. *Id.* at 11-12. Thus, the Commonwealth maintains that Kraeber's appeal was untimely, which should not be excused, and therefore we should quash his appeal.

Generally, a notice of appeal must be filed within 30 days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). In the instant case, the trial court issued an order modifying Kraeber's probation on December 3, 2024. Kraeber immediately filed a motion for reconsideration. However, such a motion does not toll the time period for taking an appeal from a final appealable order unless the court expressly grants the motion within the 30-day appeal period. *See* Pa.R.A.P. 1701(b)(3). Here, the trial court did not expressly grant reconsideration and therefore the motion did not toll the time for filing an appeal. Thus, a timely appeal from the December 3, 2024, order modifying Kraeber's probation was due by January 2, 2025. Because Kraeber did not file his appeal until February 4, 2025, his appeal was untimely.

However, the trial court scheduled a hearing pursuant to section 9771 as Kraeber requested in his motion for reconsideration, and as the court

should have done initially when the Commonwealth filed its motion to modify. The court did not decide the reconsideration motion until January 22, 2025, beyond the 30-day time period for filing an appeal. Consequently, under the circumstances, we find that there was a breakdown in court operations, allowing this Court to overlook the untimeliness of Kraeber's appeal. *See generally Commonwealth v. Patterson*, 940 A.2d 493 (Pa. 2007) (untimely post-sentence motion did not toll appeal period but a breakdown in court operation occurred because the court did not inform the defendant of this). We, therefore, decline to quash the appeal and will address the merits.

In his second issue, Kraeber claims that the trial court erred by modifying his probation and increasing the conditions thereof, in violation of 42 Pa.C.S.A. section 9771. First, Kraeber argues that the trial court increased the conditions of his probation without a hearing. Kraeber further argues that the court improperly increased these conditions before he started serving his sentence, *i.e.*, anticipatorily. He maintains that, to increase the conditions of probation, there must be evidence of the defendant's conduct *while serving probation*. Finally, Kraeber argues that the evidence in the instant case was insufficient to establish that he presented an identifiable threat to public safety based on his conduct during probation to increase his conditions of probation under section 9771. According to Kraeber, because he had not started his probation, there was no such evidence, nor could there be any. Kraeber's Brief at 14-15, 23-24, 33-34, 36.

In support of his position, Kraeber relies on **Commonwealth v. Rosario**, 294 A.3d 338, 341 (Pa. 2023), which prohibited anticipatory revocation of probation, *i.e.*, revocation of probation is permitted only after the relevant probation term has begun. In interpreting section 9771, the Supreme Court concluded that there must be evidence of a defendant's conduct while on probation before it can be revoked. Kraeber maintains that revocation of probation is a form of modification and therefore the holding in **Rosario** likewise extends to the modification of his sentence which increased the conditions of his probation. Kraeber's Brief at 23-25, 27-28.

Kraeber also relies on **Commonwealth v. Dell**, 305 A.3d 613 (Pa. Super. 2023). There, this Court held that the Commonwealth presented no evidence regarding the defendant's conduct while on probation to establish that he violated a condition of probation and presented no identifiable threat to public safety to increase the defendant's conditions of probation. Thus, we vacated the trial court's order increasing the conditions of probation and remanded. Kraeber's Brief at 23, 30.

For these reasons, Kraeber claims that this Court should reverse the trial court's December 3, 2024 order modifying his conditions of probation.

We disagree.

An order of probation is one of the alternatives available to a court at time of sentencing. **See** 42 Pa.C.S.A. § 9721. In imposing a probationary sentence, the trial court is required to "specify the length of any term during which the defendant is to be supervised . . . and the authority that shall

conduct the supervision." 42 Pa.C.S.A. § 9754(a). Additionally, at sentencing, a trial court is authorized to impose reasonable conditions permitted by law. *See* 42 Pa.C.S.A. § 9754(b).

Generally, a trial court may modify any order within 30 days after its entry if no appeal from such order has been taken or allowed. *See* 42 Pa.C.S.A. § 5505. But after this 30-day modification period, a court "may only modify a probationer's terms of probation pursuant to [s]ection 9771." *Dell*, 305 A.3d at 615. Section 9771 provides in relevant part:

> **(a) General Rule.**-- The court has inherent power to *at any time* terminate continued supervision, lessen the conditions upon which an order of probation has been imposed *or increase the conditions under which an order of probation has been imposed upon a finding that a person presents an identifiable threat to public safety*.
>
> **(b) Revocation.--** The court may increase the conditions . . . or revoke an order of probation upon proof of the violation of specified conditions of the probation . . . upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.
>
> ***
>
> **(d) Hearing required.--** There shall be no revocation *or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation*.

42 Pa.C.S.A § 9771 (emphasis added).

A court's authority to modify a sentence of probation and conditions thereof presents a pure question of law. Our standard of review is *de novo*

and our scope of review is plenary. ***See Commonwealth v. Haines***, 318 A.3d 1284, at *2 (Pa. Super. filed April 25, 2024) (non-precedential decision).

Upon review, we first observe that, in Kraeber's original sentence, the trial court did not designate the supervising authority for Kraeber's probation or specify the conditions of Kraeber's probation, except to indicate that he must comply with the rules and regulations of the undetermined, supervising authority.[3]  This was contrary to the requirements of 42 Pa.C.S.A. section 9754.  Consequently, Kraeber was not informed of any conditions to which he might be subjected, and, clearly, was not informed that the PBPP would supervise him or that its sex offender conditions would apply.[4]

Upon the Commonwealth's motion to modify Kraeber's probation presented years later, the trial court, indirectly, ordered that Kraeber be supervised by the PBPP and added the PBPP's sex offender conditions to Kraeber's conditions of probation as the Commonwealth requested.  Contrary to the Commonwealth and the trial court's claim, this was not merely a clarification or extension of the court's original sentence.  ***See*** N.T., 12/11/24,

---

[3] At the hearing, on December 11, 2022, the trial court acknowledged this explaining that this was typically done to allow for supervision by different counties depending on where a defendant relocates upon release.  ***See*** N.T. 12/11/24, at 27.

[4] For this reason, we disagree with the trial court and the Commonwealth that Kraeber's original sentence or the December 3, 2024 order placed him on "special probation" which statutorily imposes conditions of probation of the PBPP.  ***See*** Commonwealth's Brief at 17; Trial Court Opinion, 4/16/25, 11-12.

at 25-26; Trial Court Opinion, 4/16/25, at 7. Instead, the trial court increased Kraeber's conditions of probation. Therefore, the trial court was required to comply with section 9771. Upon review, we conclude that the trial court modified Kraeber's conditions of probation in accordance therewith, for the following reasons.

First, because the Commonwealth sought to increase the conditions of Kraeber's probation, the trial court was required, under section 9771, to conduct a hearing to determine whether such conditions were justified. As Kraeber argues, the trial court modified his conditions by order dated December 3, 2024 without a hearing. This was error. However, upon Kraeber's motion for reconsideration, the court held a hearing on December 11, 2024, during which the Commonwealth presented evidence to support its motion. Therefore, trial court corrected this procedural due process error.

Further, the trial court was not required to wait until Kraeber started his sentence of probation to consider whether any conditions should be added to his probation. The plain language of section 9771 provides that the court has the ***inherent authority*** to modify conditions of probation ***at any time***. 42 Pa.C.S.A. 9771(a) (emphasis added). Further, our courts have stated that an order of probation is conditional by its very nature. ***See Commonwealth v. Nicely***, 638 A.2d 213, 217 (Pa. 1994). Therefore, the trial court was authorized to consider the Commonwealth's motion and determine whether it should impose the requested conditions, even though Kraeber had not started his probation.

This conclusion, contrary to Kraeber's argument, is consistent with analysis in **Rosario**. Our Supreme Court distinguished the circumstances pertaining to revocation from those of modification under section 9771. The Court explained:

> Subsection (a) lists but three actions concerning probation a court may take "at any time": terminate continued supervision, lessen the conditions of probation, and increase the conditions of probation upon a finding of an identifiable threat to public safety. 42 Pa.C.S. § 9771(a). Tellingly, subsection (a) does not include the revocation of probation as something the court may do "at any time." The implication of this omission is that revocation cannot be ordered at any time but rather is subject to temporal limitations, *i.e.*, revocation is permissible solely during the term of the probation itself. **See Thompson v. Thompson**, 223 A.3d 1272, 1277 (Pa. 2020) ("Under the doctrine of *expressio unius est exclusio alterius*, the inclusion of a specific matter in a statute implies the exclusion of other matters.") (internal quotation and citation omitted).

**Rosario**, 294 A.3d at 347 (some citations omitted). Thus, a court may consider an increase in conditions of probation at any time; the timing of such review is not limited to the time during which the defendant is serving probation unlike revocation.

Furthermore, because conditions of probation can be increased at any time, we do not interpret section 9771(b) and (d) as limiting a court to consider only evidence of the defendant's conduct while serving probation, as Kraeber maintains. "Section 9771(b), which requires that the court to give "due consideration . . . to the time spent serving the order of probation" specifically relates to revocation of probation. Rather, section 9771(b) only relates to an increase in conditions in the instance where a defendant violates

specified conditions of probation and provides that a court may increase the conditions.

Similarly, that section 9771(d) requires the court to "consider . . . evidence of the conduct of the defendant while on probation" does not limit what a court may consider when determining whether to increase conditions of probation. Instead, it is one factor for the court to consider, in addition to the sentencing proceedings and evidence of whether the defendant presents an identifiable risk to public safety. Thus, we reject Kraeber's interpretation of section 9771.

Finally, based upon our review of the hearing transcript, we conclude that the Commonwealth offered sufficient evidence that Kraeber presented an identifiable risk to public safety to warrant an increase of Kraeber's conditions of probation. The trial court explained:

> [D]uring the hearing the Commonwealth presented substantial evidence regarding the record of [Kraeber's] sentencing proceeding; [Kraber's] post-sentence conduct, behavior, and failure to adhere to required programming while incarcerated and during his brief period of parole; [Kraeber's] violation of parole and recommitment as a TPV; [Kraeber's] risk to re-offend; and the threat [Kraeber] poses to public safety. The evidence regarding risk of re-offense and threat to public safety is very consistent with the conclusions of the SOAB evaluator, made during the sentencing proceeding, that [Kraeber] suffers from a mental abnormality or personality disorder as defined in the SVP provisions of SORNA, meets the criteria for Pedophilic Disorder, has demonstrated paraphilic interests, and acted in a sexually deviant manner, which is reasonably related to the risk of re-offense.
>
> In broad but sufficient summary, the evidence established that [Kraeber] is a sex offender under both the common and statutory

- 13 -

meanings of the term. He sexually abused his young daughter. He engaged in bestiality. He has a Pedophilic Disorder, a lifelong condition. He continues to act in a sexually deviant manner and to have sexually deviant thoughts. Among other things, he admitted to viewing pornography on a weekly basis, having active sexual thoughts about his sister, and repeatedly accessing social media in violation of parole conditions. He has been unable to comply with rehabilitative programming. He has not completed sex offender treatment. He violated his parole and was recommitted as a TPV. Simply, the evidence amply supports our determination that the Commonwealth proved by clear and convincing evidence that [Kraeber] is a threat to public safety within the meaning of [s]ection 9771. That finding, in turn, supports imposition of the Board's Sex Offender Conditions even if doing so is an increase in the conditions of probation.

Additionally, under the facts and circumstances of this case and based on an individualized assessment of [Kraeber] and his history, the Board's Sex Offender Conditions are reasonable, rationale, necessary, and strike an appropriate balance between [Kraeber's] obvious rehabilitative needs and public safety. In this regard, the conditions are specifically designed for supervising sex offenders. They are uniformly imposed on all sex offenders. They are reasonably and rationally related to [Kraeber's] crimes, sexually deviant behaviors, and rehabilitative needs. They serve the important goals of protecting the public and preventing recidivism. They are designed to advance [Kraeber's] rehabilitative prospects. They are not unduly restrictive. In fact, the conditions will end upon [Kraeber's] completion of sex offender treatment.

Trial Court Opinion, 4/16/25, at 13-14 (citations omitted).

Here, unlike in *Dell*, the Commonwealth presented evidence to show that Kraeber presented an identifiable threat to public safety. The court also considered the prior sentencing proceedings. Thus, although there was no evidence of Kraeber's conduct while serving the instant sentence of probation, there was sufficient evidence for the court to properly increase Kraeber's

conditions of probation. Thus, we conclude that the trial court did not err when it added the PBPP's sex offender conditions to his probation.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/29/2026